CURTIS ET AL., RESPONDENTS, *v.* PARHAM, APPELLANT.

(No. 3,373.)

(Submitted March 25, 1914. Decided April 17, 1914.)

[140 Pac. 511.]

*Sales—Livestock—Breach of Contract—Time of Essence—Evidence — Inadmissibility — Rescission — Duty of Buyer and Seller.*

Sales—Breach of Contract—Time of Essence—Evidence—Inadmissibility.
  1. Where a contract for the sale of sheep was silent as to time being of the essence of the contract, it was error, under section 5047, Revised Codes, which provides that time is never considered as of the essence of a contract, unless by its terms expressly so provided, to

permit oral evidence that such was nevertheless the intention of the parties.

Same—Rescission—Duty of Buyer and Seller.

2.   Where time was not of the essence of a contract for the sale of sheep, the buyers could not, under Revised Codes, section 4936, claim violation of the contract or rescind for nondelivery on the day specified, without giving the seller an opportunity to tender performance, with compensation for delay; and the seller was obliged, within a reasonable time to tender performance, coupled with an offer to compensate for delay.

[As to when time is of essence of contracts, see notes in 50 Am. Dec. 597; 104 Am. St. Rep. 265.]

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by Fred H. Curtis and Fred E. Freeman, copartners doing business under the name of Curtis & Freeman, against Owen B. Parham. From a judgment for plaintiffs and an order denying his motion for new trial, defendant appeals. Reversed and remanded.

*Messrs. F. B. Reynolds* and *W. M. Johnston,* for Appellant, submitted a brief; *Mr. Reynolds* argued the cause orally.

Under our statutory rule, if contracting parties desire to make time as of the essence of the contract, they must so expressly stipulate in the contract; otherwise time will not be so considered. There is nothing in the case at bar that shows that time was intended to be treated as of the essence of the contract, and there was no error in refusing the request of defendants for the instruction numbered 6. (*Snyder* v. *Stribling,* 18 Okl. 205, 89 Pac. 222; *Standard Lumber Co.* v. *Miller etc. Lumber Co.,* 21 Okl. 624, 96 Pac. 761; *Snyder* v. *Rosenbaum,* 215 U. S. 261, 54 L. Ed. 186, 30 Sup. Ct. Rep. 73.) Time is never considered as of the essence of a contract unless by its terms expressly so provided. (*Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700.)

*Messrs. Miller & O'Connor,* for Respondents, submitted a brief; *Mr. J. F. O'Connor* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

On June 20, 1910, at Jonesville, Michigan, the plaintiffs and the defendant entered into the following contract:

"Owen B. Parham,

"Sheep Dealer, Billings, Montana.

"This is to certify that Owen B. Parham, of Billings, Mont., has this 20th day of June, 1910, bargained and sold to Curtis & Freeman of Jonesville, Mich., the following described live stock, and do hereby guarantee the title thereto, *viz.:*

"No. head, 6,000; description, mixed lambs; brands, ——; price per cwt., $5.50; time and place of delivery, Sept. 25, 1910, Livingston, Mont., f. o. b. cars. To be no extremely coarse shaggy wooled lambs. Curtis & Freeman agree to use two days in receiving lambs. Stock guaranteed to be in merchantable condition at time of delivery. All sheep bought subject to federal inspection. Received in part payment for above-mentioned stock, $2,000.

"[Signed] OWEN B. PARHAM.

"F. H. CURTIS & FREEMAN."

The complaint, declaring upon the above contract, alleges that time of delivery was of the essence thereof, that no lambs were delivered or tendered on September 25, 1910, or for several days thereafter, that the lambs which defendant held for delivery were not of the requisite kind or quality, and prays for the return of the moneys paid down by the plaintiffs, with other damages. The answer denies that time of delivery was of the essence of the contract, denies that the lambs held by him for delivery were deficient in quality, and pleads excusable delay in such delivery. By way of counterclaim, it is alleged that plaintiffs agreed to receive delivery on October 4, 1910, at Clyde Park and Big Timber; that they refused to accept such delivery; and that damages accrued to defendant in consequence thereof. The affirmative allegations of the answer and counterclaim were put in issue by reply.

Verdict and judgment were for the plaintiffs. The defendant appeals from the judgment, and from an order denying his motion for new trial.

The undisputed facts are: At the time the contract was made, the plaintiffs were informed that the lambs referred to were the Wirak lambs. The plaintiffs appeared at Livingston on September 24 for the purpose of taking delivery, but, though they remained at Livingston until October 2, no lambs were delivered or tendered. The reason for this was that part of them had become involved in a "mix-up," and had to be taken to Clyde Park for separation, and the other part had met with storms and bad weather, and could not be brought in as soon as intended. By message from defendant on September 27, plaintiffs were informed that Wirak could not deliver until about October 1; whereupon they wired to defendant: "Contract violated; on ground to make other arrangements; advise immediately." To this defendant rejoined: "Contract not violated; will be able to make delivery soon; will be up to-night." On September 28 the parties conferred at Billings, and, upon the return of plaintiffs to Livingston, they saw Mr. Wirak, and learned from him that part of the lambs were at Clyde Park. On September 30 the plaintiffs proceeded to Clyde Park, looked over the lambs which were there, decided they were not up to the requirements of the contract, and came back to Livingston. On October 2, after making demand on defendant for the moneys paid down on the contract, which was refused, they returned to Michigan.

The other issues of fact were the subject of conflicting evidence, but it is quite doubtful whether, upon the whole case, plaintiffs were warranted in concluding that the defendant could not deliver out of the Wirak bands enough lambs of the quality required to meet the contract. Be that as it may, the plaintiff Freeman specifically testified: "If the lambs had been according to the contract, we would not have received them on the original contract, because it was after the time we were to receive them."

Ten alleged errors are assigned, presenting certain matters of practice, and one really vital question, *viz.:* Was time of delivery of the essence of the contract? Much testimony touch-[1] ing the intent of the parties was received as illuminative of this, but we do not reproduce it, because we deem it wholly irrelevant. Section 5047, Revised Codes, provides: "Time is never considered as of the essence of a contract, unless by its terms expressly so provided." Language so plain ought to leave no doubt of its meaning or application, and comment could serve only to obscure it. Under this section, but one subject is open to discussion, and that is not what the parties may have intended to say, but what they did say in their contract. It is true, of course, that no set form or arrangement of words is necessary, but the contract must, upon its face, convey the meaning that time shall be of the essence. Our statute will not permit an oral extrinsic showing that such was the intention of the parties to a written contract, the terms of which are expressed in clear and explicit language. (*Strunk* v. *Smith,* 8 S. D. 407, 66 N. W. 926; *Standard Lumber Co.* v. *Miller etc. Lumber Co.,* 21 Okl. 624, 96 Pac. 761; *Snyder* v. *Stribling,* 18 Okl. 205, 89 Pac. 222, 233, affirmed, *Snyder* v. *Rosenbaum,* 215 U. S. 261, 54 L. Ed. 186, 30 Sup. Ct. Rep. 73.)

There is nothing in the contract before us to indicate that time of delivery should be deemed as of its essence; but the respondent urges that the subject-matter was of such character as to bring it within the decision of this court in *Snider* v. *Yarborough,* 43 Mont. 203, 207, 115 Pac. 411. That case arose, not upon a contract of sale, but upon an option which is a mere unilateral undertaking, and the subject matter of it was a mining claim, a species of property subject to sudden, frequent and great fluctuations in value. To make such property the subject of an option is to. express that time shall be of the essence. (*Waterman* v. *Banks,* 144 U. S. 394, 36 L. Ed. 479, 12 Sup. Ct. Rep. 646.) Neither the transaction at bar nor the property involved were of a character to come within the decision referred to.

The evidence *aliunde* the contract touching the intent of the parties as to time being of the essence was inadmissible, and had no probative value. The court should have held, as a matter of law, that time was not of the essence, and categorically instructed the jury accordingly. For substantial error in this regard, the cause must be retried; and, since this is so, attention is called to the fact that the effect of section 4936, Revised [2] Codes, appears to have been ignored by everyone. The plaintiffs could not rescind or claim a violation of the contract on account of time, as they seem to have done on September 27, 1910, without giving the defendant an opportunity to make tender of performance, with compensation for delay; on the other hand, the duty was imposed upon the defendant to make, within a reasonable time after September 25, 1910, a tender of performance, coupled with an offer to compensate for the delay, unless excused therefrom by the attitude of plaintiffs. What, under the circumstances, was a reasonable time was for the jury upon the evidence.

We see no reversible error in any other respect. The refusal of defendant's offered instrument No. 5 was wrong, but relatively unimportant. The questions asked touching the value of the lambs at Big Timber and Clyde Park on October 4 were improper, and the court correctly refused to permit them to be answered. The contract was in writing. Any modification of it was required to be in writing, unless executed. The counterclaim, to support which these questions were asked, is based upon an alleged oral, unexecuted modification. Independently of that, the questions had no relevancy to any matter in issue.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.