ELLA B. GLENN, BY HER NEXT FRIEND, ADA KINNEY, RESPONDENT, V. MISSOURI INSURANCE COMPANY, A CORPORATION, APPELLANT.—179 S. W. (2d) 644.

Kansas City Court of Appeals. April 3, 1944.

*Watson, Ess, Groner, Barnett & Whittaker* and *Douglas Stripp* for appellant.

*Carl L. Anderson* for respondent.

SPERRY, C.—Ella B. Glenn, plaintiff, was beneficiary in a policy · insurance, issued on the life of Blanche Mills, deceased, by Missouri Insurance Company, defendant. There was a directed verdict for plaintiff and, from a judgment based thereon, defendant appeals.

It is conceded by both parties that if the policy provides, in plain and unambiguous languages, for term insurance during the first year of its life, and ordinary or whole life thereafter, then plaintiff was not entitled to recover and the judgment should be reversed; and that if the language of said policy is ambiguous, so as to require construction, we must give it that construction which is most favorable to plaintiff, and hold that the policy, from the date of its issue, provided ordinary or whole life only. In the latter event the judgment must be affirmed. The question presented is one to be determined exclusively from the language of the policy itself.

Nowhere on or in the policy do there appear any words purporting to describe or name the type of the policy or the kind of insurance therein provided. One of the provisions of the policy which must be considered in disposing of this case, appears at the top of the front page thereof, to-wit:

"IN CONSIDERATION of the application for this Policy, which is hereby referred to and made a part of this contract, and in further consideration of the payment in advance of the premium stated in

Schedule below, on or before every Monday hereafter during the life of the insured, twenty (20) per cent of which premium is for life insurance and eighty (80) per cent of which is for insurance against disability from sickness or accident, the MISSOURI INSURANCE COMPANY doth hereby agree, *subject to the conditions* herein, to pay to the beneficiary the amount of death benefit provided herein within twenty-four (24) hours after due proof of death has been furnished the Company, and in case of sickness or accident to pay to the insured the weekly benefits named in Schedule below according to the terms hereof; . . . (Italics ours.)

'"The 'schedule' above referred to provides level premium rates.

Another provision necessary to be considered appears on the same page, in the first of a series of paragraphs stating various conditions governing said policy, immediately under the following:

"THIS POLICY IS ISSUED AND ACCEPTED SUBJECT TO THE CONDITIONS SET FORTH IN THIS FOLIO, AND THE REVERSE SIDE HEREOF, EACH AND ALL OF WHICH ARE HEREBY MADE A PART OF THIS CONTRACT."

The first paragraph appearing thereunder is as follows:

"The first year's insurance under this policy is Term Insurance. Thereafter a reserve shall be accumulated upon the basis of the Standard Industrial Table of Mortality with 3½ per interest, and in the event of default of payment of premium when due, after premiums for three full years have been paid, this policy, without action on the part of the insured, will be extended for the full amount of the natural death benefit only, for such length of time as three-fourths of the reserve hereunder at the anniversary immediately preceding the date of such default, will purchase according to the Standard Industrial Table of Mortality with 3½ per cent interest."

The difference in the size of the type used in the various above-quoted provisions of the policy is demonstrated by the difference in the size of the type used herein. All of the paragraphs in the section from which the last above-quoted is taken, appear in the same size type, and are equally clear and legible.

Plaintiff contends that the policy here considered is ambiguous because the insuring and consideration clauses (the first paragraph quoted), provides whole life insurance, while the first sentence in the first paragraph appearing under "conditions" provides term insurance during the first policy year. She contends that the policy involved in this case is so similar to that considered in Doty v. American National Insurance Company, 165 S. W. (2d) 862, is to be indistinguishable. Defendant contends that the policy is to be distinguished from that considered in the Doty case and that it is governed by the rule declared in Legrand v. Central States Life Insurance Company of St. Louis, 235 Mo. App. 323; 132 S. W. (2d) 1105, wherein it was held that whole life insurance and term insurance were combined in

a policy without ambiguity, and that said policy was not subject to construction but must be enforced as written.

In Doty v. American National Insurance Company, *supra*, l. c. 868, the following language appears: "The insuring clause promises payment on proof of the death of the insured. The consideration clause requires equal or level payments during the continuance of the contract. *These clauses provide whole life insurance only.*" (Italics ours.) An examination of the policy here considered discloses an identical situation in that respect.

In the Doty case the court further said, l. c. 868, 869:

"We next come to the 'Agreement and Conditions' of the policy. Under 'Ninth' and in small letters we find the following: 'No suit shall be brought against the Company after two years from the date of the death of the Insured. If any suit be commenced after two years, the lapse of time shall be conclusive evidence against any claim, the provisions of any and all statutes of limitations to the contrary notwithstanding. The first year's insurance under this Policy is Term Insurance.' However, under 'Privileges and Concessions' we find in a large letter title over the table of values: 'Whole Life-Free Policy.' There is nothing to indicate to the ordinary person that such table is not based on all the premiums paid as in a simple whole life policy with no preliminary term insurance. The free policy is available "at any time after premiums have been paid hereon for three full years.'"

In the Doty case the court recognized and approved the rule followed in the Legrand case but held that the contract before it (in the Doty case) was ambiguous. It is pointed out that the insuring and consideration clauses provide whole life insurance; that the last sentence in the ninth paragraph under conditions (a paragraph dealing chiefly with conditions limiting suit on the policy), provides that the first year of insurance shall be term insurance; and that there appeared elsewhere in the policy, prominently displayed in large type: "Whole Life-Free Policy."

The court held that in resolving the question of the kind or character of the policy involved it is essential that all of its terms and conditions be considered and given effect; and that recourse not be had solely to its title, but that the title should be considered, together with other provisions. Such a rule, when applied to the Doty policy, discloses that it, in one place, provides for whole life insurance; in another, for one year term insurance followed by whole life; and in still another, whole life. That being true, the policy was held to be ambiguous.

Policies combining one year term insurance with whole life received judicial recognition and approval long before enactment of Section 5831, Revised Statutes of Missouri, 1939. [Doty v. American National Insurance Company, *supra*.] Before the enactment of that statute it has required only that the one year term insurance provision, in

such policies, be clearly expressed so that the policy would not be ambiguous in respect to its character. The courts universally held that when such a provision appeared in the consideration clause of the policy the contract was not ambiguous. The statute accorded statutory recognition and approval to a type of insurance contract which was already judicially approved; but it sought to regulate and direct the manner in which such policies might issue in future. We are not cited to any decision wherein it is held that a policy combining whole life and term insurance must so state in the consideration clause alone in order to avoid ambiguity. The contract before us was made long before the enactment of the above mentioned statute. The sole question is whether or not the language used which tends to combine whole life and term insurance is ambiguous. If it is not then there is no room for construction. The statute does not affect the matter in any way.

In determining the character of the policy here considered we are bound to give effect to the following rules:

"... no substantive clause should be allowed to perish by construction unless unsurmountable obstacles stand in the way of any other course; looking to the instrument as a whole, courts should give such construction that each clause will have some effect and perform some office; seeming contradictions must be harmonized, if that course is possible; a construction which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all of its provisions and is consistent with the general intent. [6 R. C. L., p. 835.]" [Soukop v. Employers' Liability Assur. Corporation, 108 S. W. (2d) 86, l. c. 92.]

To the above we should add: Courts are not permitted to exercise their inventive powers for the purpose of creating an ambiguity where none exists. [State ex rel. v. Shain et al., 166 S. W. (2d) 484, l. c. 487.]

In the case at bar, while the provision for term insurance does not appear in the consideration clause, it is stated in said clause that the contract is "subject to the conditions herein;" and immediately below the consideration clause, on the front page of the policy, in large type, appears a statement directing attention to conditions affecting the policy. Immediately following this caption appears in legible type: "The first year's insurance under this policy is Term Insurance." That sentence is followed, in the same paragraph, in like type, by a full explanation of the legal effect of such a provision. Thus, on the front page in clear and unambiguous terms (not buried away in small type on another page in a paragraph devoted to an unrelated subject), appears all of the language contained in the policy that limits or conditions it as to kind or character of insurance provided, together with a clear explanation of what it means. Insured's attention is directed to such language, by direct reference contained in the

consideration and insuring clause itself. It is unlike the policy discussed in Doty v. American National Insurance, *supra*.

This policy, when all of its provisions are read together, as they must be, is unambiguous and combines therein one year of term insurance with whole life. It must be enforced as written.

The judgment should be reversed. *Boyer, C.*, not sitting.

`PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court: The judgment is reversed. *Bland* and *Cave, JJ.*, concur.