ALEKSICH, APPELLANT, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N., RESPONDENT.

No. 8599

Submitted October 25, 1945. Decided December 18, 1945.

164 Pac. (2d) 372

Mr. H. L. Maury and Mr. A. G. Shone, both of Butte, for appellant.

Messrs. Poore & Poore, of Butte, for respondent.

MR. JUSTICE CHEADLE delivered the opinion of the court.

Action by Alva Aleksich to recover under an insurance policy issued by defendant to her uncle, Jakor Aleksich, in which she is named as beneficiary. The complaint alleges the issuance of the policy, with a copy thereof attached as an exhibit, together with a copy of the application therefor, wherein plaintiff is named as beneficiary. It further alleges the accidental injury of the insured, while the policy was in effect, and his death within one hour after such injury, and that because of such injury and death, "the said insured, Jakor Aleksich, was wholly and continuously disabled and caused thereby permanent and total loss of time." The prayer of the complaint asks damages based on indemnity of $40 for the first month and $80 for each of the succeeding 23 months, "for the time lost by Jakor Aleksich on account of his being injured and killed * * *."

The order of the trial court sustaining defendant's general demurrer to the complaint contains the following: "The court being of the opinion that said complaint cannot be amended so as to state a cause of action in favor of said plaintiff and against said defendant, It Is Ordered that said complaint be, and the same is dismissed at plaintiff's costs." Judgment of dismissal followed.

The policy sued on is headed, on the first page:

"Perfect Income Policy. This Policy Provides benefits for

Loss of Limb, Sight or Time, by Accidental Means, or Loss of Time by Sickness as Herein Provided."

The insuring clause provides:

"Mutual Benefit Health and Accident Association, Omaha (herein called the Association) hereby insures Jakor Aleksich (herein called the insured), of the city of Butte, State of Montana, against loss of limb, sight or time, sustained or commencing while this policy is in force, resulting directly and independently of all other causes, from bodily injuries sustained during any term of this policy, through purely accidental means, and against loss of time beginning while this policy is in force and caused by disease contracted during any term of this policy, respectively, subject, however, to all the provisions and limitations hereinafter contained."

Indemnities for specific losses are set out in Part A, which reads as follows:

"Part A.

"If the insured shall sustain bodily injuries, as described in the Insuring Clause, which injuries shall, independently and exclusively of disease and all other causes, continuously and wholly disable the Insured from the date of the accident and result in any of the following specific losses within thirteen weeks, the Association will pay: (Here follows a schedule of cash indemnity payments for specific loss of limb, etc.)

"Loss in every case referred to in the above schedule for dismemberment of hand or hands, or foot or feet, shall mean severance at or above the wrist or about the ankle joint, respectively. The loss of eye or eyes shall mean the total and irrecoverable loss of entire sight thereof. Loss of arm or leg shall mean severance at or above the elbow or the knee joint, respectively. Loss of thumb, finger or toe shall mean severance of at least one entire phalanx. Only one of the amounts named will be paid for injuries resulting from one accident, and shall be in lieu of all other indemnity."

Part B provides:

"If such injuries, as described in the Insuring Clause, do not

result in any of the above mentioned specific losses but shall wholly and continuously disable the Insured for one day or more, the Association will pay a monthly indemnity at the rate of Forty ($40.00) Dollars for the first month, and at the rate of Eighty ($80.00) Dollars per month thereafter, but not to exceed twenty-four months."

Other parts of the policy, not here important, provide for partial disability benefits, medical attention, financial aid, and illness and hospital benefits.

The policy contains fifteen provisions designated "Standard Provisions." Those of interest here are as follows:.

"4. Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Association.

"5. Such notice given by or in behalf of the Insured or beneficiary, as the case may be, to the Association * * *."

"8. The Association shall have the right and opportunity to examine the person of the Insured when and so often as it may reasonably require during the pendency of claim hereunder, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law.

"11. Indemnity for loss of life of the Insured is payable to the beneficiary if surviving the insured, and otherwise to the estate of the insured. All other indemnities of this policy are payable to the Insured."

Under the heading of "Additional Provisions," is found the following:

"(a) This policy does not cover death, disability, or other loss sustained in any part of the world except the United States and Canada, or while the Insured is engaged in military or naval service in time of war, * * *."

On the back of the policy is the following endorsement:

"This policy provides benefit for loss of limb, sight, or time

by accidental means, or loss of time by sickness, as herein provided."

No death benefit is mentioned in or provided by the policy. Plaintiff sues for loss of time resulting from the death of the insured, under Part B of the policy, which provides indemnity for loss of time not exceeding 24 months, resulting from injuries which cause none of the specific losses mentioned in Part A. Thus, the complaint alleges "that because of his said injuries and death, and said insured, Jakor Aleksich, was wholly and continually disabled and caused permanent and total loss of time," and "plaintiff has been damaged by defendant in the sum of One Thousand, Eight Hundred and Eighty ($1,880) Dollars, being monthly indemnity at the rate of Forty ($40) Dollars for loss of time for the first month, and at the rate of Eighty ($80) Dollars per month for loss of time for twenty-three (23) months thereafter." Plaintiff's theory, which she must sustain in order to state a cause of action, is that death is an injury or disability insured against under Part B of the policy.

It is apparent that the insuring clause does not insure against death, nor does the insurer thereby agree to pay any indemnity or benefit by reason of the death of the insured. Therein the contingencies insured against are limited to loss of limb, sight or time resulting from accident or sickness. Neither does any other provision of the contract constitute an agreement to pay indemnity for death of the insured. Plaintiff contends that the standard and additional provisions quoted above constitute, inferentially, an agreement to indemnify, under Part B, against loss of time resulting from death of the insured.

In 29 Am. Jur., sec. 1166, p. 880, the general rule is thus stated: "From the very nature of the insurance involved, it is clear and is generally held that no liability for death arises under a policy provision for indemnity to the insured in case of his permanent or total disability."

In Hill v. Travelers' Ins. Co., 146 Iowa 133, 124 N. W. 898, 28 L. R. A., N. S., 742, which involved a similar policy, it was

said: "The entire contract clearly shows that it is not one insuring the life of Craine. It insures against loss on account of temporary and permanent disability, as the terms are ordinarily used and understood. The word 'disability' does not express the same meaning as the word 'death'; nor is it ordinarily used as signifying the same thing. * * * Where an accident insurance policy provided for a weekly indemnity, not exceeding a certain number of weeks, for total 'disability,' and the insured died within 24 hours after the accident, it was held that his estate could not recover for the full period, as death cannot be said to be disability. Rosenberry v. Fidelity & Casualty Co., 14 Ind. App. 625, 43 N. E. 317."

See also Paul v. Fidelity & Casualty Co., Mo. App., 34 S. W. (2d) 978, and cases therein cited; and 1 Corpus Juris 466, where it is said.: "A provision for the payment of a weekly indemnity during the period of total disability refers to the condition of a living person and no recovery can be had thereunder for the death of the insured." See cases cited under note 54.

Ferguson v. Penn Mut. Life Ins. Co., 305 Ill. App. 537, 27 N. E. (2d) 548, 550, involved a permanent disability policy, with monthly payments during total and permanent disability. The appellate court of Illinois, in affirming a denial of recovery after death of the insured, said: "Proof of the disability of the insured not having been furnished until shortly after his death, it is urged that his 'death should be construed as a continuance of disability under the terms of the policy.' This is really the only theory upon which plaintiff could possibly hope to prevail in this action, but it is so opposed to reason and contrary to the manifest intention of the parties to the insurance contract that it hardly merits serious consideration. In our opinion the supplemental agreement clearly contemplated that the benefits thereunder would inure only to the insured during his lifetime and during the continuance of his disability. Disability presupposes life. Death is the antithesis of life." And

see Bishop v. Morrison-Knudsen Co., 64 Idaho 806, 137 Pac. (2d) 963, 968.

Appellant calls to our attention a number of general rules applicable to construction of contracts, among these being that an insurance policy, like any contract, is to be read as a whole, and if possible the several parts should be reconciled and given effect; that a contract includes not only what is expressly stated, but also what is necessarily to be implied from the language used; that an instrument is to be most strictly construed against the party who prepared it; that insurance policies are to be liberally construed in favor of the insured. We agree, but hold that they do not permit us to find as contended for by plaintiff.

Appellant relies on National Life Insurance Co. of United States v. Fleming, 127 Md. 179, 96 A. 281, 284, wherein is found the statement, "There are cases holding that the words 'wholly disable' and the words 'total disability' do not include death, but these cases all rest upon the particular provisions of the policy under consideration." That case differs from this in that, in the policy there considered, loss of life was one of the specific losses insured against. So also the case of New York Life Ins. Co. v. Hiatt, 9 Cir., 140 F. (2d) 752, involved facts entirely different from those here involved.

We are convinced that the intention of the parties to the insurance contract was that the only indemnity contemplated was for loss of limb, sight or time and that such is the meaning and effect of the contract, as therein expressed. From a careful consideration of the entire contract we are unable to find any agreement of indemnity against, or promise of reimbursement for death of the insured, or for loss of time resulting from death. We are unable to read into the so-called "standard" or "additional" provisions referred to an undertaking by the insurer to pay compensation for either of such contingencies. The purpose of including that portion of the standard and additional provisions referred to in so far as they mention death of the insured does not appear. But they do not

constitute an agreement to pay for death, or loss of time result-
ing from death, of the insured, and are meaningless so far as
this contract is concerned. They are, if given the interpretation
urged by appellant, inconsistent with the clear meaning of the
contract and the apparent intention of the parties thereto, and
will be disregarded.

For another reason the demurrer was well taken. Plaintiff
 seeks to recover, not for the death of the insured, but for
loss of time resulting from his death. Standard provision 11
provides that indemnity for loss of life of the insured is pay-
able to the beneficiary, all other indemnities being payable to
the insured. It is thus apparent that even though the policy
should be considered broad enough to include indemnity for
loss of time resulting from death, the only possible cause of ac-
tion, under the circumstances, would be in favor of the estate
of the insured.

We think it proper to observe that confusion as to the ap-
parent meaning of the policy might have been avoided by elimi-
nation therefrom of all so-called "standard" provisions not
applicable.

The trial court correctly sustained the demurrer and dismissed
the complaint. The judgment is accordingly affirmed.

Mr. Chief Justice Johnson and Associate Justices Morris and
Adair concur.

Mr. Justice Angstman (dissenting).

I think the policy covers loss of time occasioned by accidental
death limited to 24 months. Section 4 of the standard pro-
visions of the policy requires written notice of injury or of
sickness within twenty days after the accident or ten days after
the disability from sickness. It then contains this provision:
"In event of accidental death immediate notice thereof must
be given to the association." By paragraph 5, a part of which
is quoted in the majority opinion, it should be noted that notice
in a proper case is given by or in behalf of the beneficiary.

Paragraph 11 of the standard provisions reads as follows:
"Indemnity for loss of life of the Insured is payable to the

beneficiary if surviving the Insured, and otherwise to the estate of the Insured. All other indemnities of this policy are payable to the Insured." Plaintiff was named the beneficiary under the policy. Under the heading of "Additional provisions" there is this provision: "This policy does not cover death, disability, or other loss sustained in any part of the world except the United States and Canada, * * *."

It is fundamental in this jurisdiction and elsewhere that in construing policies of insurance the contract as a whole must be considered (Section 7532, Revised Codes; New York Life Ins. Co. v. Hiatt, 9 Cir., 140 F. (2d) 752); doubts must be resolved in favor of the insured (Parke v. New York Life Ins. Co., 95 Mont. 503, 28 Pac. (2d) 443; Chard v. New York Life Ins. Co., Neb., 16 N. W. (2d) 858; Bobier v. National Casualty Co., 143 Ohio St. 215, 54 N. E. (2d) 798; Stuhlbarg v. Metropolitan Life Ins. Co., 143 Ohio St. 390, 55 N. E. (2d) 640); where a policy is susceptible of two meanings, the one permitting recovery is to be adopted (Montana Auto F. Corp. v. British & Fed. Fire Underwriters, 72 Mont. 69, 232 Pac. 198, 36 A. L. R. 1495; Park Saddle Horse Co. v. Royal Indemnity Co., 81 Mont. 99, 261 Pac. 880; O'Neil v. New York Life Ins. Co., Idaho, 152 Pac. (2d) 707; Lee v. Guardian Life Ins. Co. of America, Sup., 46 N. Y. S. (2d) 241; Friend v. Southern States Life Ins. Co., 80 Okl. 76, 194 Pac. 204; General Ins. Co. of America v. Pathfinder Petroleum Co., 9 Cir., 145 F. (2d) 368; Schmidt v. Utilities Ins. Co., 353 Mo. 213, 182 S. W. (2d) 181, 154 A. L. R. 1088); and if there be two inconsistent clauses appearing in an insurance contract, the one most favorable to the insured will be adopted. McLendon v. Carolina Life Ins. Co., 71 Ga. App. 557, 31 S. E. (2d) 429; Sturgis v. American Hospital & Life Ins. Co., Mo. App., 174 S. W. (2d) 917.

Furthermore, a construction which will entirely neutralize one provision should not be adopted if the provision is susceptible of another construction which gives effect to all of its provisions and is consistent with general intent. Glenn v. Missouri Ins. Co., Mo. App., 179 S. W. (2d) 644. Such a meaning

must be given to the terms of an insurance contract as would be ascribed to them by the average man in applying for insurance and reading the language of the policy. McGrail v. Equitable Life Assur. Soc. of The United States, 292 N. Y. 419, 55 N. E. (2d) 483; Bilsky v. Mutual Benefit Health & Accident Ass'n, City Ct., 49 N. Y. S. (2d) 149; and Id., 182 Misc. 122, 49 N. Y. S. (2d) 848; Handley v. Mutual Life Ins. Co. of New York, Utah, 147 Pac. (2d) 319, 152 A. L. R. 1278; Atlas Assurance Co. v. Lies, 70 Ga. App. 162, 27 S. E. (2d) 791; Lee v. Guardian Life Ins. Co. of America, Sup., 46 N. Y. S. (2d) 241; Shain v. Mutual Benefit Health & Accident Ass'n, 232 Iowa 1143, 7 N. W. (2d) 806; New York Life Ins. Co. v. Rotman, 231 Iowa 1249, 3 N. W. (2d) 603. Insurance contracts are prepared by the insurer and uncertainties must be construed most strongly against the one who caused the uncertainties to exist, i. e. the one who prepared the contract. Section 7545, Revised Codes.

Here there is a direct provision in the policy to the effect that indemnity for loss of life of the insured is payable to the beneficiary. All other indemnities, according to paragraph 11, are payable to the insured. Hence, there was no occasion for a beneficiary except on the theory that she shall receive indemnity for loss of life of the insured. The average man reading this provision would understand that it was intended to award some indemnity for loss of life brought about by accidental means. While Part B above quoted would ordinarily be restricted to accidental disability short of accidental death, yet I think its provisions should not be given such a restrictive meaning when the instrument taken as a whole would be understood by the average man as contemplating indemnity for loss of time brought about by accidental death. One element of recovery for wrongful death is loss of time (Melzner v. Northern Pac. R. Co., 46 Mont. 162, 127 Pac. 146) measured by the life expectancy of the deceased. It is not unreasonable to suppose that the decedent understood that he was insuring against such loss (New York Life Ins. Co. v. Hiatt, supra) limited, however, to the twenty-four months provided in Part B of the contract. To

restrict Part B to disability resulting from an accident not producing death neutralizes many of the provisions of the policy above alluded to and particularly paragraph 11 which specifically states that indemnity for loss of life of the insured is payable to the beneficiary, and this we are not permitted to do if by a fair interpretation of the contract we may give effect to all of its provisions.

I think the contract fairly construed means that for loss of time resulting from injuries not resulting in death payment of the indemnity must be made to the insured, and for loss of time resulting from accidental death the payment of the indemnity must be made to the beneficiary, subject of course to the maximum of twenty-four months. What conceivable reason would there be for a beneficiary if the policy simply covers disability, not producing death and if all payments go to the insured. I am not able, moreover, to understand the position of my associates wherein they hold that if the policy does cover loss of time through accidental death the indemnity must be paid to the estate and not to the beneficiary.

The majority opinion relies upon the case of Hill v. Travelers' Ins. Co. of Hartford, Conn., 146 Iowa 133, 124 N. W. 898, 899, 28 L. R. A., N. S., 742. The policy in that case was wholly different from the policy here. That policy had printed on the back the following: "The Travelers' Insurance Company of Hartford, Connecticut, Limited Health Policy of Life of George H. Craine." This was all there was in the policy that hinted at any coverage for loss of life. The court simply held that this endorsement was no part of the contract. The court implied that if it had been a part of the contract a different rule might result. Here, however, we have a positive statement in the policy that indemnity for loss of life shall be payable to the beneficiary. A beneficiary was named. There is a declaration that the policy does not cover death sustained in any part of the world except the United States and Canada. Certainly that is tantamount to a declaration that it does cover death sustained in the United States and Canada. I concede that ordinarily the word "dis-

ability'' does not contemplate death. But I know of no rule of law that prohibits the parties to an insurance contract from agreeing that disability due to the death of the insured shall entitle the beneficiary to indemnity for a limited period as here.

My associates also rely upon the case of Paul v. Fidelity & Casualty Co. of New York, Mo. App., 34 S. W. (2d) 978, 979. The policy there considered was likewise wholly different from that here. It insured for total or partial illness-disability. It contained this clause: ''In the event of the assured's death prior to the payment of any indemnity to which the assured may have become entitled under this policy such indemnity shall be paid by the company to the beneficiary.'' The court properly held that the beneficiary was entitled to the payment of such sums only as would be due under the policy to the assured himself. There is nothing in the policy in this case so restricting the rights of the beneficiary.

The case of Ferguson v. Penn Mutual Life Ins. Co., 305 Ill. App. 537, 27 N. E. (2d) 548, 550, cited and relied upon by my associates is of no aid in the solution of the problem before us. In that case the policy contained nothing indicating any liability for the loss of life. All that the court held was that under such a policy requiring proof of loss during the ''continuance of disability'' it must be furnished before death.

The case of Bishop v. Morrison-Knudsen, 64 Idaho 806, 137 Pac. (2d) 963, cited by my associates does not support their conclusion. That case involved the Workmen's Compensation Law and had nothing to do with an insurance policy. As I said before, disability does not ordinarily include disability due to death but the parties to a contract may agree otherwise. That, in my opinion, is what they have done here.

The happy discovery proclaimed in the next to the last paragraph of the opinion is hardly sufficient condemnation of the patent ambiguities in this contract. I think the court in the case of New York Life Ins. Co. v. Hiatt, 9 Cir., 140 F. (2d) 752, 754, properly characterized such a declaration by saying: ''We think this is not the way to promote fair speaking in insurance

policies. Misleading double-talk in these contracts can not be effectively discouraged by the mere wagging of an admonitory finger."

For an additional reason I think my associates are in error in holding that the court properly sustained the demurrer to the complaint. Certainly the contract of insurance is ambiguous. If the ambiguities may not be resolved against the insurer within the rules above stated, then in any event the ambiguities may be explained by oral evidence, Section 7538, Revised Codes, and Butte Water Co. v. City of Butte, 48 Mont. 386, 138 Pac. 195. When that may be done it is improper to sustain a demurrer to the complaint for the question resolves itself into one of the sufficiency of the proof and not of the pleading.

In my opinion the court erred in sustaining the demurrer to the complaint.