## ALEKSICH v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 178.

District Court, D. Montana,
Butte Division.

Aug. 14, 1946.

Lowndes Maury and A. G. Shone, both of Butte, for plaintiff.

William Meyer and James A. Poore, Jr., both of Butte, Mont., for defendant.

BROWN, District Judge.

Plaintiff contends that the decedent in his lifetime acquired a cause of action against the defendant because of a policy of insurance written by defendant, insuring the decedent for loss of time caused from bodily injuries through accidental means. Plaintiff alleges in her complaint that decedent, while at his work, received bodily injuries which caused his death within an hour such injuries were inflicted upon him; that at that time his expectancy of life was 16.5 years, and except for the injuries he would have lived that time, was employable and would have continued to receive compensation for his work and that the present worth or value of that time to him is in excess of $24,000.00.

█ The correctness of plaintiff's position requires a construction of: the contract and a determination of its meaning under the laws of the State of Montana, they being controlling here as the case is in this court solely by virtue of diversity of citizenship and the state law controls here. The state law controlling the decision here is in part what the Supreme Court of the State of Montana says it to be. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. This court is controlled in this case by the pronouncements of the Supreme Court of the State of Montana and in that respect this court sits as but another inferior court of the State of Montana. Erie R. Co. v. Tompkins, supra.

█ It appears that an action was heretofore commenced in the State Court on this same policy against the defendant by the present plaintiff, she then suing as the beneficiary named in the policy, and in the prayer of her complaint filed in the State Court she asked damages based on indemnity of $40.00 for the first month and $80.00 for each of the succeeding 23 months, for time lost by Jakor Aleksich on account of his being injured, this apparently under the provisions of Part B of the policy in evidence here as Exhibit 1. A demurrer to the complaint was sustained by the trial court and an appeal taken to the Supreme Court of Montana. The appeal called for a construction of the policy by the Supreme Court as the action in this court does. The contention made by plaintiff there is the same as made here, i.e. that the insured suffered a loss of time after his death for 24 months, for which he was insured under the policy. The Supreme Court, in construing the policy, denied the contention made there and here. It directly held that the contract between the parties contemplated that the benefits would inure only to the insured during his lifetime and during the continuance of his disability and while he was alive to directly receive the payments. There, as I read the decision, the Supreme Court held that any loss of time suffered by the insured after his death was a loss of time caused by his death and not by injuries, and the policy did not insure against loss of time occurring after death. The Supreme Court said, "From a careful consideration of the entire contract we are unable to find any agreement of indemnity against, or promise of reimbursement for death of the insured, or for loss of time resulting from death", and denied recovery. Aleksich v. Mutual Benefit Health & Accident Association, Mont., 164 P.2d 372, 162 A.L.R. 263.

The Supreme Court of Montana thus held that under the law of Montana the insured was not insured by the defendant under the policy sued on here for a period of 24 months after his death. It seems to the Court that for the Court to hold in the face of that decision that the insured was insured under this same policy for his expectancy of life or a period of 16.5 years after his death or any other period of time after his death, it could only do so by construing the policy, and in so construing it, coming to a diametrically opposed view of its legal effect and meaning under the law of the State of Montana. The construction I might have placed on the contract had the Supreme Court of Montana not spoken is of no importance in view of the fact that a court whose decisions control mine as to what the law of the State is has spoken on the question.

Because of the law as established by the Supreme Court in the case herein referred to, it necessarily follows that the action must be dismissed. Findings of fact and conclusions of law and judgment in accordance herewith.