FRED KIELMANN, Plaintiff and Appellant, v. ALEX B. MOGAN, JOHN W. MOGAN and FIRST SECURITY BANK of Glasgow, Defendants and Respondents.

No. 11803.
Submitted Nov. 19, 1970.
Decided Dec. 23, 1970.
478 P.2d 275.

Bretz & Gabriel, Great Falls, Robert W. Gabriel (argued), Great Falls, for plaintiff-appellant.

Gallagher & Archambeault, Glasgow, Gerald T. Archambeault (argued), Glasgow, for defendants-respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal is taken from the district court's action in grant-

ing a motion to dismiss plaintiff's complaint as being without merit in fact or law.

On October 24, 1966, plaintiff Fred Kielmann entered into a contract for deed with the defendants Alex B. Mogan and John W. Mogan. During the contract period the deed to the property was to be in the hands of an escrow agent, defendant First Security Bank of Glasgow, for delivery "when Buyer shall have performed all terms hereof on his part to be performed."

No separate escrow document was executed, the contract providing that it, by its terms, would constitute the escrow agreement and instructions. The contract in paragraph 10 provides:

"10. Seller shall deposit his abstracts or title insurance policies and Warranty Deed in escrow in the First Security Bank of Glasgow, Montana, and this contract shall serve as escrow instructions authorizing the bank to deliver the same to Buyer, when Buyer shall have performed all terms hereof on his part to be performed. Buyer and Seller shall each pay one-half of all escrow and bank charges."

The contract further provided that time was the essence of the agreement; that it was binding on the heirs, successors and assigns of the parties; and that buyers could not sell, assign or sublease their interest in the premises except with the written consent of the seller.

Paragraph 4 of the contract set forth the terms of payment, the interpretation of which gives rise to this action.

"4. Buyers agree to pay the Seller at Glasgow, Montana the sum of $60,000.00 payable in the following described manner:

"The sum of $8,750.00 at execution of this contract.

"The sum of $8,750.00 on or before January 20, 1967.

"The entire remaining unpaid balance, together with interest thereon at 5% per annum, starting November 1, 1966, shall be payable in fifteen (15) *equal annual installments*, the *first*

such installment *due on or before* January 15, 1968, and 15th day of January of *each year* thereafter until the said agreement has been paid in full. Each payment shall 'be applied first to principal, balance to interest." (Italics supplied for reference hereafter.)

The defendants paid the first installment of $8,750 as per contract on or before January 15, 1968 and then, according to the complaint:

"That on April 22, 1968, there remained payable the sum of $54,937.96 including principal and interest on said contract; that contrary to the terms of said contract, particularly paragraph 4 thereof, defendants Alex Mogan and John W. Mogan paid to the escrow agent, First Security Bank of Glasgow, the said sum which was accepted by said bank all without the consent or knowledge of plaintiff."

Plaintiff alleges that defendants breached the contract for deed between the parties by accelerating the payments, contrary to the terms thereof. Defendants' only appearance was by motion to dismiss.

Plaintiff raises three issues for review:

1. A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

2. A purchaser of real estate by contract for deed does not have the right to accelerate the payment provisions therein without the consent of the seller.

3. That even if the words "on or before" allow acceleration, their use in the context here is ambiguous allowing the admission of parol evidence.

We find the first and third issues controlling. Here the defendants appeared by serving and filing under Rule 12(b)(6), M.R.Civ.P., a motion to dismiss supported by a brief and memorandum. Plaintiff filed a memorandum in opposition to the motion to dismiss. The court thereon granted the motion and subsequent judgment.

█ It is well settled that a complaint should not be dismissed for insufficiency unless it appears for certain that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Hamman v. United States, 267 F.Supp. 411 (Mont.1967).

The third issue, that the words "on or before" in the context in which they are used are ambiguous, needs consideration because if indeed they are ambiguous, the complaint at this stage does state a claim.

█ In our opinion it does not appear to be a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of his alleged claim. In his brief and argument plaintiff alleges the contract in question was made in the office of defendants' counsel and that he was without counsel. He was given no opportunity to raise any pleadings or discovery as to whether or not discussions were held as to tax liabilities and why time was made the essence of the contract.

After carefully considering both plaintiff and defendants' cited case authorities we find no decisions on point in this jurisdiction. Therefore we will look to other jurisdictions for the prevailing law and we will view same with our applicable statutes. The four applicable Montana statutes which we will consider in arriving at our decision are:

"*13-704. Intention to be ascertained from language.* The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

"*13-705. Interpretation of written contracts.* When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this chapter."

"*13-724. Time—when of essence.* Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

"*13-907. Written contracts—how modified.* A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

While the case authority view of the clause "on or before" is that the obligation matures on the day stated but that it may be paid at any time "on or before" maturity. This view is best set forth in the case of Henry v. Lane (Texas), 128 F. 243, wherein the court held:

"It has long been settled that the legal effect of an instrument payable on a date certain is different from that of an instrument payable on or before that date. Kikindal v. Mitchell, 2 McLean, 402, 14 Fed.Cas. 468, No. 7,763. In that case there was no express provision that the obligor should have the right to pay the note, at his option at any time before the date, but the court held that the words 'on or before' gave the obligor that right, that this was a right which, without these words, he did not have, and, further, that this made a material difference."

See also: Warner v. Darrow, 91 Cal. 309, 27 P. 737; Burlington Ins. Co. v. McLeod, 34 Kan. 189, 8 P. 124; Fenner, Beane & Ungerleider v. Donosky (Tex.Civ.App. 1933), 62 S.W.2d 269.

However, here the language of the contract is not the same as in Kikindal v. Mitchell, supra, for in that case there was not the exactness of the dates of annual payments as herein expressed. From the reading of the contract in the instant case, it is possible that the intent of the parties was (1) that there would be 15 equal annual installments, and (2) that each annual installment should be paid in each of the 15 years between the first and fifteenth of January each year. Accepting plaintiff's argument at this stage of the proceedings that the words "on or before" modify the words "January 15, 1968", and that in the next clause of the same sentence the words "on or before" modify the words "the 15th of January of *each* year thereafter", there could be an ambiguity on the face of the contract. (Emphasis supplied).

This Court when called upon to interpret the terms of contracts has held that where the terms of the contract are clear and unambiguous the Court will not allow parol evidence. Curtis v. Parham, 49 Mont. 140, 140 P. 511; Hill Cattle Corporation v. Killorn, 79 Mont. 327, 256 P. 497; 1st Natl. Bank v. Green Mountain Soil Cons. Dis., 130 Mont. 1, 293 P.2d 289.

However, we have also held that where the terms of the contract are ambiguous and uncertain, then evidence attending the circumstances of the contract are admissible. Berne v. Stevens, 67 Mont. 254, 215 P. 803. Too, that where the terms of the contract are ambiguous, the contract must be construed most strongly against the party who drew the contract. Here, the plaintiff alleges the contract was drawn in the office of defendants' counsel and he was without counsel. Davis v. Park Securities Corp., 117 Mont. 393, 159 P.2d 323; Aleksich v. Mutual Benefit Health & Acc. Ass'n, 118 Mont. 223, 164 P.2d 372, 162 A.L.R. 263.

Therefore, under the fact situation alleged by the plaintiff and in view of the state of the record here presented, we remand the cause to the district court for further proceedings in conformity with this opinion.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE DALY, concur.