No. 12443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

JOSEPH WHEELER, JR.,

Plaintiff and Appellant,

-vs-

JOHN MOE et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Marvin Ping argued, Missoula, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
Gregory L. Hanson argued, Missoula, Montana

---

Submitted: September 13, 1973

Decided: **NOV 8 - 1973**

Filed: **NOV 8 - 1973**

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

Plaintiff instituted this action for damages against the Missoula County sheriff and four deputies; the Missoula county attorney and two deputies; the insurance company and seven John Does. The district court of the fourth judicial district, Missoula County, dismissed plaintiff's complaint with prejudice. It is from the order dismissing the complaint that plaintiff appeals.

Plaintiff filed his complaint on October 20, 1972. On November 3, 1972, defendants appeared by way of a motion to dismiss, supported by a brief, alleging failure of plaintiff's complaint to state a claim against defendants upon which relief could be granted.

By order of the district court dated November 13, 1972, plaintiff was given until November 20 to file a brief in opposition to the motion to dismiss. Plaintiff's counsel in plaintiff's brief on appeal and at oral argument stated that when he appeared at the office of the clerk of the district court on the morning of November 20 to file plaintiff's brief in opposition to the motion to dismiss, he learned that the matter had been set for oral argument that morning. Pursuant to the district court's minute entry of November 20 the hearing on the motion to dismiss was continued to November 27, 1972.

On November 24, 1972, plaintiff filed an affidavit disqualifying Judge Jack L. Green and moved for the substitution of another judge. No judge was called in to assume jurisdiction of the matter.

On November 27, 1972, Judge E. Gardner Brownlee, presiding in Judge Green's stead, entered the following order:

"Gregory L. Hansen, attorney for defendants, came into Court, this being the time set for

- 2 -

hearing defendants' Motion to Dismiss. No appearance was made on behalf of the plaintiff. Thereafter, good cause appearing to the Court, Defendants' Motion is granted, and IT IS ORDERED that plaintiff's Complaint be and the same is hereby dismissed with prejudice."

In his appeal from this order, plaintiff presents three issues for review.

(1) Did the district court commit error under the procedures to be followed under Rule 4, Rules of Practice of the District Court of the fourth judicial district?

(2) Was the dismissal of plaintiff's complaint with prejudice void for want of jurisdiction by virtue of the court's failure to transfer jurisdiction to another judge upon the timely filing by plaintiff of an affidavit of disqualification?

(3) Did the district court err in granting defendant's motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., and in dismissing plaintiff's complaint with prejudice?

In light of the second issue presented by plaintiff and our discussion thereof which follows, it is not necessary to address ourselves to the first issue at this time. Whether or not there was error under Rule 4, Rules of Practice of the District Court of the fourth judicial district, need not be resolved in view of our conclusion hereinafter.

Section 93-901, R.C.M. 1947, provides in part:

"Any justice, judge, or justice of the peace must not sit or act as such in any action or proceeding:

" * * *

"4. When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias or prejudice of such judge. Such affidavit may be made by any party to an action, motion, or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending. * * * In all other cases the affidavit must be filed at least fifteen (15) days before the day appointed or fixed for the hearing

or trial of any such action, motion, or proceeding (provided such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of fifteen (15) days and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice). Upon the filing of the affidavit, the judge as to whom said disqualification is averred shall be without authority to act further in the action, motion, or proceeding, but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transferring the action or proceeding to some other court, nor to the power of calling in another district judge to sit and act in such action or proceeding, providing that no judge shall so arrange the calendar as to defeat the purposes of this section. * * * If there be more than one judge in any judicial district in which said affidavit is made and filed, upon the first disqualification of a judge in the cause, another judge, residing in the judicial district wherein the affidavit is made and filed, must be called in to preside in such action, motion or proceeding * * * when another judge has assumed jurisdiction of an action, motion, or proceeding, the clerk of the district court in which the same was pending, shall at once notify the parties or their attorneys of record in the same, either personally or by registered mail, of the name of the judge called in, or to whom such action, motion, or proceeding was transferred. * * *"

The record does not show that a hearing date was set prior to the continuance of the hearing to November 27, 1972. Written notice of the November 27, 1972, hearing date was sent to counsel for both sides by the clerk of the district court on November 20, 1972. Counsel had less than fifteen days notice of the hearing date scheduled on defendants' motion. Pursuant to the statute plaintiff had to file his affidavit of disqualification immediately upon receiving such notice.

Even though it is not presented as an issue here, we note that the filing of the affidavit of disqualification on November 24, 1972, was timely within the provisions of the statute. Counsel for plaintiff received notice of the hearing on or about November 21, 1972. Plaintiff resided in Lake County necessitating a trip to Missoula to sign the affidavit. Court was closed on Thursday, November 23, 1972, in observance of the

- 4 -

Thanksgiving Holiday.

After the affidavit was filed, Judge Green was without jurisdiction to act further in the matter except in those limited instances outlined in the statute. The record does not disclose that another judge, including Judge Brownlee, was called in as provided for in the statute. No notice was given to the parties or their attorneys that another judge had been called in or that the action had been transferred to another judge. Judge Green was without authority to act, and Judge Brownlee, presiding in Judge Green's stead and not having been called to assume jurisdiction, was also without authority to act in the matter.

Despite this holding we feel it necessary to address ourselves to plaintiff's third issue for the reason that the district judge, while without jurisdiction to do so, achieved the only possible result. The complaint should properly be dismissed with prejudice.

> Rule 12(b)(6), M.R.Civ.P. provides:
>
> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. * * * (6) failure to state a claim upon which relief can be granted * * * A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

In his complaint plaintiff alleged that he was a member and resident of the Confederate Salish and Kootenai Tribes of the Flathead Indian Reservation, Montana, and that pursuant to a license granted by the Tribes, he was operating a retail store on lands of the Tribes held in trust by the United States under a lease thereof approved by the Bureau of Indian Affairs.

The complaint alleged three claims for relief. The substance of plaintiff's complaint, including all three claims, can

be summarized as follows: Plaintiff alleged that he was arrested, that his store was searched, that cigarettes and fireworks found in the store were seized, and that he was publicly tried. Plaintiff then alleged that these acts by defendants were malicious, wrongful, unlawful, oppressive, arrogant and without legal authority of any kind. It is further alleged that as a direct consequence and result of defendants' acts that plaintiff was deprived of his liberty, suffered interruption of his business, and destruction and loss of his property and profits from his business, that his personal reputation was impaired and that his business was defamed and damaged. For each claim plaintiff prayed for actual and exemplary damages.

According to the allegations of the complaint, the defendants were all duly elected or appointed public officers; that search warrants were obtained prior to any searches of plaintiff's store; that searches were carried out pursuant to search warrants; that plaintiff's arrests were made pursuant to warrants for his arrest or as a result of searches pursuant to search warrants; and that cigarettes and fireworks were found in the store and seized.

Defendants contend that the allegations of the complaint clearly show that the defendants were acting within the scope of their official duties and for that reason the complaint fails to state a claim upon which relief could be granted. Further, defendants argue that they are immune from civil liability for their official acts, and this reason, by itself, sustains the district court's dismissal. Plaintiff concedes that public officers are immune from civil liability when acting within the scope of their authority. It is plaintiff's contention, however, that defendants were acting outside the scope of their duty or authority.

In his argument plaintiff cites numerous authorities supporting the general proposition that a trial court should rarely grant a motion to dismiss for failure to state a claim upon which relief can be granted. The issue of the propriety of dismissing a complaint pursuant to the federal counterpart to Rule 12(b)(6), M.R. Civ.P., is discussed in detail at Section 1357 of Wright and Miller's Federal Practice and Procedure. Beginning at page 598 it is said:

> "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. * * *
>
> "The test most often applied to determine the sufficiency of the complaint was set out in the leading case of Conley v. Gibson, in which the Supreme Court stated that
>
>> "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
>
> "As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim. * * *
>
> "The complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense, but the defense must clearly appear on the face of the pleading * * * In a situation involving an affirmative defense, the claim is adequately stated, but in addition to the claim the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. * * * "

This Court in Kielmann v. Mogan, 156 Mont. 230, 233, 478 P.2d 275, said:

> "It is well settled that a complaint should not be dismissed for insufficiency unless it appears for certain that plaintiff is entitled to no relief

> under any state of facts which could be proved in support of the claim. Hamman v. United States, 267 F.Supp. 411 (Mont. 1967)."

In this case it is apparent that the complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted, for the complaint itself contains allegations setting forth a bar to relief. In other words, there are no state of facts which could be proved in support of the claim.

The defendants in this case are all public officers. As conceded by both parties and as we have previously held, public officers are immune from civil liability for their official acts. Meinecke v. McFarland, 122 Mont. 515, 206 P.2d 1012. With respect to defendant insurance company, the liability of the surety cannot exceed that of his principal. Meinecke at 522.

We find no allegation in plaintiff's complaint that defendants were acting in any capacity other than as public officers, that any of the warrants were improperly issued or were not based on probable cause or that any of the searches exceed the scope of the search warrants. To the contrary, the complaint specifically details how warrants were issued and acted upon and cigarettes and fireworks seized pursuant to said warrants, clearly showing that defendants were acting within the scope of their official duties and proceeding in strict compliance with due process requirements.

In his reply brief and upon oral argument plaintiff has argued that there is an "Indian Question" at issue here and that it is the "Indian Question" which is determinative of the scope of defendants' authority. It is plaintiff's position that Tribal Ordinance 40-A (Revised) of the Confederated Salish and Kootenai Tribes of the Flathead Reservation does not constitute a grant of jurisdiction to the State of Montana to tax the sale

of cigarettes nor to regulate the sale of fireworks on the Flathead Reservation. Plaintiff then reasons, based upon the foregoing position, that the State of Montana does not have the jurisdiction to enforce the cigarette tax under section 84-5606, R.C.M. 1947, and fireworks regulation under section 69-2701, R.C.M. 1947. It is plaintiff's conclusion that without this jurisdiction defendants were without authority to do those acts alleged in plaintiff's complaint.

We find no merit in plaintiff's argument. Whether the state of Montana has the jurisdiction to tax cigarettes and to regulate the sale of fireworks on the Flathead Reservation is not an issue to be determined by us at this time. Furthermore, a resolution of that issue as urged by plaintiff would have no bearing on our holding in this case.

It is the duty of defendants to enforce the laws of the State of Montana. Defendants cannot be held accountable in civil liability for carrying out this official duty within the authority and means prescribed by law. Plaintiff's complaint alleges nothing more than that defendants acted within their duties and authority and pursuant to the law. For this reason, the complaint fails to state a claim upon which relief can be granted. In addition, defendants are immune from civil liability for their official acts, and because the allegations of plaintiff's complaint clearly demonstrate that defendants were acting within their authority, the complaint itself alleges a bar to relief and is insufficient to support a claim.

For the foregoing reasons, the order of the district court dismissing plaintiff's complaint with prejudice is hereby annulled and set aside and the cause is remanded to the district court and presiding Judge Jack L. Green with instructions to call in another judge in accordance with section 93-901, R.C.M. 1947,

and such called-in judge shall proceed in this action not inconsistent with this opinion.

IT IS SO ORDERED

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices