No. 13255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

MARGARET BUTTRELL,

Plaintiff and Appellant,

-vs-

McBRIDE LAND & LIVESTOCK, a Montana
corporation,

Defendant and Respondent.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

James A. Tulley argued, Big Timber, Montana

For Respondent:

Kenneth R. Olson argued, Big Timber, Montana

---

Submitted: May 26, 1976

Decided: AUG 10 19

Filed: AUG 10

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the order of the district court, Sweet Grass County dismissing plaintiff's complaint for failure to state a claim upon which relief may be granted.

Plaintiff, Margaret Buttrell, filed an action based on an alleged violation of the Fair Labor Standards Act, 29 U.S.C.S. §§ 201 through 219. She alleged she had not been paid the minimum wage and had not been paid overtime as required by the statute. Her complaint was dismissed by the district court for failure to state a claim upon which relief may be granted, based on the court's finding that plaintiff was not substantially engaged in interstate commerce. Plaintiff appeals. The question to be decided is whether the dismissal of the complaint was proper.

The United States Supreme Court set out the classic test of the sufficiency of a complaint as against a motion to dismiss in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L ed 2d 80, 84:

> "* * * In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

This Court said in Kielmann v. Mogan, 156 Mont. 230, 233, 478 P.2d 275:

> "It is well settled that a complaint should not be dismissed for insufficiency unless it appears for certain that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Hamman v. United States, 267 F. Supp. 411 (Mont. D.C. 1967)."

A stronger statement of this rule is found in Wheeler v. Moe, 163 Mont. 154, 160, 515 P.2d 679, where the Court, quoting from 5 Wright and Miller's Federal Practice and Procedure, p. 598, said:

- 2 -

"'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. * * *

"'* * *

"'As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim. * * *'"

In the instant case then, the question is whether plaintiff made allegations on the face of her complaint which demonstrate that she does not have a claim; whether she could prove no set of facts in support of her claim which would entitle her to relief.

The district court found the insufficiency of the complaint was that there was no coverage under the Fair Labor Standards Act. The basic provisions of that Act must be examined to determine if the court was correct in dismissing the complaint. The Act, 29 U.S.C.S. §206, requires:

"(a) Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

"(1) not less than $2 an hour * * *."

The Act does not attempt to cover every employee that Congress could have reached by a full exercise of the Constitution's commerce clause power. Under the Act, the determination of the extent of coverage is "a problem of statutory delineation, not constitutional power * * *." Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L ed 83, 84.

A key to the determination of the scope of coverage under the Fair Labor Standards Act is the definition of "commerce". 29 U.S.C.S. §203(b), defines "commerce" as:

- 3 -

"'Commerce' means trade, commerce, transportation, transmission, or communication among the several States, or between any State and any place outside thereof."

By this definition, commerce includes the act of communication. The Department of Labor Wage and Hour Division discusses this aspect of the definition of "commerce" at 29 C.F.R. §776.10 (b):

"* * * since 'commerce' as used in the act includes not only 'transmission' of communications but 'communication' itself, employees whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the act. This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage. But if the employee, as a regular and recurrent part of his duties, uses such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the within the scope of the act as an employee directly engaged in the work of 'communication' between the State and places outside the State."

As originally enacted the Fair Labor Standards Act only covered employees who were themselves "engaged in commerce" or in "the production of goods for commerce". Later the Act was amended to extend coverage to employees of an "enterprise engaged in commerce" whether the employees themselves were engaged in commerce or not.

In Paragraph 3 of her complaint, plaintiff set out these facts to show she was covered by the Act:

"* * * During the course of her employment in such position, plaintiff was called upon to conduct correspondence and engage in telephone conversations with prospective real estate purchasers located both within and outside the State of Montana. Plaintiff states that a substantial portion of her services during the term of her employment were rendered in dealing with persons living outside the State of Montana, and that said defendant is actively engaged in interstate commerce."

- 4 -

After careful examination, these allegations prove sufficient to show that plaintiff was covered by the Fair Labor Standards Act. The first sentence quoted is very nearly a paraphrase of the Wage and Hour Division's regulation heretofore quoted. The allegation that defendant was "actively engaged in interstate commerce" raises the possibility that a "state of facts * * * could be proved in support of the claim" that would be the basis of coverage of the defendant corporation and therefore the plaintiff employee under the "enterprise" coverage. These allegations do not show, on the face of the complaint, that plaintiff would not be covered by the Fair Labor Standards Act, just the opposite. They would entitle plaintiff to relief, if supported by the evidence presented at trial.

The motion to dismiss for failure to state a claim upon which relief may be granted is not the proper place to determine coverage under the Fair Labor Standards Act. At that point such a determination is premature and must necessarily be based on inferences and not on proven facts. McComb v. Johnson, 174 F.2d 833. The issue of coverage under the Fair Labor Standards Act is often the determinitive one, there being no dispute about the wage rate being below the minimum established by the statute. This issue is too important to be decided on assumed or inferred facts extrapolated from modern notice pleadings.

In Clyde v. Broderick, 144 F.2d 348, decided before the amendments expanded the coverage to include employees of an "enterprise", the plaintiffs failed to specifically allege that their duties were devoted to commerce. The court refused to dismiss the complaint because it felt that more than the "short and plain statement" of the facts in a complaint violates the spirit of simplicity, con-

ciseness and directness that is the basis of modern pleadings.
The court pointed out that facts would be developed at trial or
upon further pleading which would clearly show whether the plaintiffs
were covered by the Act.

Any further specific information, for example information
as to which workweeks the plaintiff claims she was engaged in
commerce during the time she set out in her complaint, and who
her fellow employees were if "enterprise" coverage is claimed,
may be obtained by the proper use of the discovery tools provided
in the Montana Rules of Civil Procedure.

The district court's order to dismiss the complaint for failure
to state a claim upon which relief may be grant is vacated. The
cause is remanded for further proceedings.

_____
                        Justice

We Concur:

_____

_____

_____

_____
  Hon. Bernard W. Thomas, District
  Judge, sitting for Chief Justice
  James T. Harrison.