No. 84-343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

SCHOOL DISTRICT NO. 4, FORSYTH,
MONTANA,

Petitioner and Appellant,

-vs-

BOARD OF PERSONNEL APPEALS, and
FORSYTH EDUCATION ASSOCIATION, MEA,
NEA,

Respondents and Respondents.

---

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles E. Erdmann, Helena, Montana

For Respondent:

Hilley & Loring, Great Falls, Montana
James E. Gardner, Bd. of Personnel Appeals, Helena,
Montana

---

Submitted on Briefs: Nov. 20, 1984

Decided: January 2, 1985

Filed: JAN 2 - 1985

Ethel M. Harrison

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the order of the District Court of the Sixteenth Judicial District, Rosebud County, granting the respondent's, Forsyth Education Association, motion to dismiss on the basis the petition filed was moot.

Appellant School District No. 4, Forsyth, Montana, (School District) challenges the District Court's dismissal and its appeal from part of an order of the Board of Personnel Appeals.

One issue is raised for consideration: Did the District Court err in dismissing count I of the School District's complaint for a declaratory judgment.

Respondent, Forsyth Education Association, affiliated with the Montana Education Association and National Education Association, (Association) is the exclusive bargaining agent for the professional employees of the appellant, School District. The collective bargaining agreement between the parties expired July 1, 1981. While negotiating a new contract for the 1981-82 academic year, the School District paid its teachers at the same rate it had paid them in 1980-81, and did not advance to them the amounts provided in the expired collective bargaining agreement.

The Association believed the failure to advance teachers on the salary schedule contained in the expired collective bargaining agreement constituted a unilateral change in wages and a refusal to bargain in good faith. The School District argued it was maintaining status quo during negotiations.

The Association filed an unfair labor practice charge with the Board of Personnel Appeals (BPA) on October 13,

1981. On May 17, 1982, the BPA examiner found there had been no violation of the Public Employees Bargaining Act. In the meantime, a new contract was negotiated for the 1982-83 academic year. The teachers were paid at a new salary level and received retroactive pay, at that new level, to the beginning of the 1981-82 school year.

The Association filed exceptions to the BPA hearing examiner's proposed order. The BPA adopted its examiner's findings of fact, but concluded there had been a violation. The BPA ordered an amendment to the examiner's proposed order.

The School District filed exceptions and the matter was again argued before the BPA. In September of 1983, the BPA voted unanimously to affirm the amended order, finding an unfair labor practice based on the unilateral change in salaries. The appellant, School District petitioned the District Court for judicial review of the order and for declaratory judgment alleging:

1. In count I the BPA erred in finding an unfair labor practice; and

2. In count II the BPA, at the time it issued its administrative decision, was unlawfully constituted and its decision was therefore void.

The Association filed a motion to dismiss count I of the petition for declaratory judgment on the grounds the School District had failed to state a claim upon which relief could be granted and on the ground of mootness. The Association argued that since the teachers had received retroactive pay at the new salary levels, neither the teachers nor the Association received any financial benefit and the School District experienced no financial detriment

3

when the examiner issued the amended order in May 1983. Nothing would be gained or lost from the judicial review of the order. Therefore, the issue was moot.

The District Court granted the Association's motion to dismiss the appeal as being moot. From that order, the School District appeals.

The appellant School District argues the action was not moot and the District Court had jurisdiction to review the final order of the BPA. The appellant notes that underlying the motion to dismiss, the general rule is courts view such motions with disfavor and will grant them only when the complaint and the accompanying allegations show upon their face some insuperable barrier to relief, citing Buttrell v. McBride Land and Livestock (1976), 170 Mont. 296, 553 P.2d 407; Wheeler v. Moe (1973), 163 Mont. 154, 515 P.2d 679. In reading the above cases, we find neither applicable in that Wheeler, supra, was decided on a disqualification of a judge in the time for filing the disqualification therein, and Buttrell, supra, was decided on the failure of the plaintiff to state a claim in its complaint.

Appellant argues the question of whether a civil case has become moot is not, as argued by respondent, a simple issue. Appellant contends in this particular case an appeal from an administrative agency's final decision is involved, a decision which was settled prior to the administrative decision by the adoption by the parties of a collective bargaining agreement for 1981-82 contract.

Appellant argues one important factor to be taken into consideration in determining the mootness of a case is what the United States Supreme Court has called on a number of occasions the "capable of repetition, yet evading review"

4

doctrine. This doctrine is limited to a situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to the cessation or expiration; and (2) there was a reasonable expectation the same complaining party would be subjected to the same action again. Sosna v. Iowa (1975), 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532.

Considering the cases cited by both parties, we do not find a sufficient substantial interest to invoke the above doctrine. The BPA's finding that, in the absence of an "impasse," the School District must continue to pay the salaries of expired collective bargaining contracts pending agreement on a successful contract, does not warrant further action by this Court. Here the School District had already budgeted at least the amount in the expired contract for salaries and it suffers no loss.

While the appellant School District argued the BPA had ordered it to automatically grant teachers' wage increases under the terms of the expired contract, we find no such ruling by the BPA in its order. It simply ordered that, in absence of an "impasse," the provisions of the expired contract may not be unilaterally changed by the employer.

The decision of the District Court is affirmed.

John Conway Harrison
_____
Justice

5

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Chief Justice Frank I. Haswell, dissenting:

I respectfully dissent.

Here the orders of the Board of Personnel Appeals provided in substance (1) that the Forsyth School District committed an unfair labor practice when it declined to pay an increased wage scale under an expired collective bargaining agreement and (2) to "cease and desist" from denying automatic step wage increments under an expired collective bargaining agreement. The majority have denied judicial review of the order on the basis of mootness because a new collective bargaining agreement has been negotiated.

Mootness is a matter of judicial policy, not constitutional law. See RLR v. State (Alaska 1971), 487 P.2d 27, 45. This case falls squarely within those cases in which the United States Supreme Court has granted review under the principle that they tend to be "capable of repetition, yet evading review." Roe v. Wade (1973), 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161, and its progeny. The question of whether a Montana school district must pay increased wage increments under an expired wage contract pending negotiation and settlement of a new contract will recur time and again in school districts throughout Montana until it is authoritatively and finally answered by this Court. The majority have denied this Court review of this question on the merits.

Two cases have particular application to the case at bar. In City of Albuquerque v. Campos (N.M. 1974), 525 P.2d 848, 851, the New Mexico Supreme Court held that settlement of a city labor dispute did not render questions moot that were of great public importance and likely to recur. Another analogous case is Bd. of Ed. of Danville Etc. v. Danville Ed.

Ass'n (Ill.App. 1978), 376 N.E.2d 430. There the Illinois appellate court found a education association's appeal from a judgment granting a school board's request to enjoin association members from striking and picketing would not be dismissed as moot on the ground that parties had executed a new contract and settled their differences, since the question involved overriding public importance.

I would review this question on the merits and provide a final and authoritative answer.


_____
Chief Justice

8