MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the order of the District Court of the Sixteenth Judicial District, Rosebud County, granting the respondent’s, Forsyth Education Association, motion to dismiss on the basis the petition filed was moot.
Appellant School District No. 4, Forsyth, Montana, (School District) challenges the District Court’s dismissal and its appeal from part of an order of the Board of Personnel Appeals.
One issue is raised for consideration: Did the District Court err in dismissing count I of the School District’s complaint for a declaratory judgment.
Respondent, Forsyth Education Association, affiliated with the Montana Education Association and National Education Association, (Association) is the exclusive bargaining agent for the professional employees of the appellant, School District. The collective bargaining agreement between the parties expired July 1, 1981. While negotiating a new contract for the 1981-82 academic year, the School District paid its teachers at the same rate it had paid them in 1980-81, and did not advance to them the amounts provided in the expired collective bargaining agreement.
The Association believed the failure to advance teachers on the salary schedule contained in the expired collective bargaining agreement constituted a unilateral change in *363 wages and a refusal to bargain in good faith. The School District argued it was maintaining status quo during negotiations.
The Association filed an unfair labor practice charge with the Board of Personnel Appeals (BPA) on October 13,1981. On May 17, 1982, the BPA examiner found there had been no violation of the Public Employees Bargaining Act. In the meantime, a new contract was negotiated for the 1982-83 academic year. The teachers were paid at a new salary level and received retroactive pay, at that new level, to the beginning of the 1981-82 school year.
The Association filed exceptions to the BPA hearing examiner’s proposed order. The BPA adopted its examiner’s findings of fact, but concluded there had been a violation. The BPA ordered an amendment to the examiner’s proposed order.
The School District filed exceptions and the matter was again argued before the BPA. In September of 1983, the BPA voted unanimously to affirm the amended order, finding an unfair labor practice based on the unilateral change in salaries. The appellant, School District petitioned the District Court for judicial review of the order and for declaratory judgment alleging:
1. In count I the BPA erred in finding an unfair labor practice; and
2. In count II the BPA, at the time it issued its administrative decision, was unlawfully constituted and its decision was therefore void.
The Association filed a motion to dismiss count I of the petition for declaratory judgment on the grounds the School District had failed to state a claim upon which relief could be granted and on the ground of mootness. The Association argued that since the teachers had received retroactive pay at the new salary levels, neither the teachers nor the Association received any financial benefit and the School District experienced no financial detriment when the examiner issued the amended order in May 1983. Noth *364 ing would be gained or lost from the judicial review of the order. Therefore, the issue was moot.
The District Court granted the Association’s motion to dismiss the appeal as being moot. From that order, the School District appeals.
The appellant School District argues the action was not moot and the District Court had jurisdiction to review the final order of the BP A. The appellant notes that underlying the motion to dismiss, the general rule is courts view such motions with disfavor and will grant them only when the complaint and the accompanying allegations show upon their face some insuperable barrier to relief, citing Buttrell v. McBride Land and Livestock (1976), 170 Mont. 296, 553 P.2d 407; Wheeler v. Moe (1973), 163 Mont. 154, 515 P.2d 679. In reading the above cases, we find neither applicable in that Wheeler, supra, was decided on a disqualification of a judge in the time for filing the disqualification therein, and Buttrell, supra, was decided on the failure of the plaintiff to state a claim in its complaint.
Appellant argues the question of whether a civil case has become moot is not, as argued by respondent, a simple issue. Appellant contends in this particular case an appeal from an administrative agency’s final decision is involved, a decision which was settled prior to the administrative decision by the adoption by the parties of a collective bargaining agreement for 1981-82 contract.
Appellant argues one important factor to be taken into consideration in determining the mootness of a case is what the United States Supreme Court has called on a number of occasions the “capable of repetition, yet evading review” doctrine. This doctrine is limited to a situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to the cessation or expiration; and (2) there was a reasonable expectation the same complaining party would be subjected to the same action again. Sosna v. Iowa (1985), 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532.
*365 Considering the cases cited by both parties, we do not find a sufficient substantial interest to invoke the above doctrine. The BPA’s finding that, in the absence of an “impasse,” the School District must continue to pay the salaries of expired collective bargaining contracts pending agreement on a successful contract, and does not warrant further action by this Court. Here the School District had already budgeted at least the amount in the expired contract for salaries and it suffers no loss.
While the appellant School District argued the BPA had ordered it to automatically grant teachers’ wage increases under the terms of the expired contract, we find no such ruling by the BPA in its order. It simply ordered that, in absence of an “impasse,” the provisions of the expired contract may not be unilaterally changed by the employer.
The decision of the District Court is affirmed.
MR. JUSTICES SHEA, SHEEHY and MORRISON concur.