HALL *v.* AMERICAN EMPLOYERS LIABILITY INSURANCE CO.

The widow and sole heir at law of a man who was instantly killed by accidental violence has no right of action against an accident insurance company upon a policy issued to him, by the terms of which he was insured "in the sum of ........ dollars principal sum, and of seven dollars weekly indemnity, in respect to bodily injuries effected . . . through external, violent and accidental means," the policy stipulating for the payment to the insured himself of the weekly indemnity for a limited period in case of his total disability from such injuries to transact the business of his occupation, and also, that in case of his death from such injuries, "the company will pay the principal sum aforesaid to ........ his ........, if surviving; or, in the event of ........ prior death, to the legal representative of the insured." It is obvious, from the failure to fill the blanks in the policy above indicated, that no insurance for any principal sum in favor of any person was intended; and neither the heirs nor representatives of the insured were in any event entitled to the "weekly indemnity." Death is not a "disability" within the meaning of the terms of the contract embodied in such a policy.

July 15, 1895.

Action on insurance policy. Before Judge WESTMORE-
LAND. City court of Atlanta. November term, 1894.

ARNOLD & O'BRYAN, for plaintiff.
HILLYER, ALEXANDER & LAMBDIN, for defendant.

LUMPKIN, Justice.

The American Employers Liability Insurance Com-
pany issued to Walter Hall a policy of insurance, the
portions of which now material are briefly stated in the
head-note. It will be observed that the obligation of
the company, in case of injury to the insured, was to
pay to *him* the weekly indemnity stipulated for in the
policy. There is nothing in the policy binding the com-
pany to pay this indemnity to the heirs or representa-
tives of the insured, or to any person other than him-
self. The policy obviously contemplated that if he was
injured in the manner therein specified, but not fatally,
he himself would be entitled, within the limit stated, to
receive seven dollars weekly during the period of his
disability to transact the business of his occupation. It
plainly did not contemplate the payment of any such in-
demnity in case of his sudden and accidental death. The
company evidently used a printed policy containing
blanks rendering it, if so desired, capable of being made a
more comprehensive contract of insurance than as above
indicated. This becomes obvious by a mere glance at
the above mentioned recitals of the material portions of
the policy. It is also obvious that, by filling the blanks,
the policy might have been made such as to render the
company liable for a specified principal sum, which, in
the event of the accidental death of the insured, would
have been payable to his wife, or to some other desig-
nated beneficiary, or to his legal representatives. But
the blanks in question were not filled, and therefore it
was not a policy for any principal sum payable to any
designated person. The contract to pay a weekly in-

demnity of seven dollars was an undertaking entirely separate and distinct from any undertaking to pay a principal sum.

It appears from the allegations of the declaration, that the insured was killed instantly in a railroad accident. His widow, although his sole heir at law, was certainly not entitled to recover from the insurance company any amount as a principal sum, because, as has been shown, there was no contract in the policy which would render the company thus liable. This seems to have been recognized by her attorney, and the action is brought in terms to recover the stipulated weekly indemnity for a period of fifty-two consecutive weeks, upon the idea that the death of the insured was a "disability" which rendered him for that length of time totally unable to transact the business of his occupation and upon the further idea that this indemnity was payable to the widow as the sole heir of her deceased husband. Her case breaks down for two reasons: first, death is evidently not the kind of "disability" to which the policy refers; and second, even if it were, there is nothing in the policy which would render the indemnity payable to the widow, in any capacity, as the survivor of her deceased husband.

The court was manifestly right in sustaining the demurrer to the declaration.        *Judgment affirmed.*