Filed March 25, 1896.

---

No. 1,943.

ROSENBERRY, ADMX., *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK.

INSURANCE.—*Accident.*—*Construction of Policy.*—*Indemnity Clause.* An accident insurance policy the printed form of which provides for payment of a principal sum in case of death from injury, and of weekly indemnity in case of a total disability for a period not exceeding fifty-two consecutive weeks, does not cover a case of

death from injury, where the part of the policy relating thereto is left blank, and only the actual indemnity clause is filled out.
MAXIM.—*Construction.*—*Qui hæret in litera, hæret in cortice.*

From the DeKalb Circuit Court.

*A. B. Young, D. M. Link* and *F. S. Roby,* for appellant.

*Morris, Bell, Barrett & Morris,* for appellee.

REINHARD, J.—The appellant, as the administratrix of the estate of Jesse Rosenberry, deceased, brought this action against the appellee on a policy of accident insurance. The complaint alleges that the appellee by the terms of said policy undertook and agreed to pay said Jesse Rosenberry, or, in the event of his death, to his legal representatives, the sum of $5 weekly indemnity against bodily injury sustained by the said assured through external, violent and accidental means for a length of time not exceeding fifty-two consecutive weeks; that on the 6th day of June, 1893, the said Jesse Rosenberry, while in the exercise of his duty, and acting in the capacity named in said policy, was struck violently, run over and injured by a train of cars, from which injury he died within twenty-four hours thereafter.

The appellee filed a demurrer to the complaint, which the court sustained, and this ruling constitutes the only error complained of. The printed policy, a copy of which is filed with the complaint, provides for two kinds of insurance, viz:

1. A "principal sum," in the event of the death of the assured from accidental injuries.

2. Weekly indemnity, in case of total disability, arising from such injuries, in the sum of $5 per week, for a period not exceeding fifty-two consecutive weeks.

In the policy sued upon, that portion of the contract providing for the payment of a "principal sum," in the event of accidental death, was left in blank and unexecuted, and it is admitted that no insurance is due from appellee on account thereof. What the appellant does seek to recover in the present action is the weekly indemnity contracted for in the second specification of insurance above enumerated, her counsel contending that inasmuch as Jesse Rosenberry died from accidental injuries, the estate of said Rosenberry is entitled to recover indemnity for the loss of his services for a period not exceeding fifty-two weeks, amounting to $260, the same as the decedent would have been entitled to recover had he lived and continued to be totally disabled from said injuries for that period.

The provisions of the policy upon which this claim is based are as follows:

"Does hereby insure (name) Jesse Rosenberry (the person described in said application), freight brakeman by occupation, for a period or periods specified below, beginning at noon of the day this policy is dated, in the amount of $——, principal sum, and $5 weekly indemnity, against bodily injuries, sustained through external, violent and accidental means, as follows: If death shall result within ninety days from such injuries, independently of all other causes, the company will pay the principal sum of this policy to ———— his ———— if surviving, or in the event of —— prior death, to the legal representatives of the assured * * * which payment shall terminate the policy."

It is averred in the complaint that the appellant's decedent died from his injuries within twenty-four hours after receiving the same.

The sole question here presented is this: Does the policy declared upon entitle the insured or his represen-

tatives to recover anything by reason of his death, or on account of any "indemnity" accruing after his death?

We think it clear that this question must be decided in the negative. The only kind of insurance provided for in the contract is indemnity for loss of time and services by the insured on account of accidental injuries.

In one sense all insurance is for indemnity. In case of death the proceeds of the policy are used to indemnify the beneficiary, or if there be none, the personal representatives, or the estate of the decedent. Such is the insurance provided for under the style of the "principal sum" in this contract, in the event the same had been executed. But the indemnity contemplated in the executed portion of the contract is for loss of services during the life time of the insured and it is made payable in express terms "to the assured," and not to the beneficiary or to the personal representatives. Of course whatever indemnity had accrued up to the time of the death of the insured could be collected by such personal representatives, the same as any other claim due his estate, but this is so, not by virtue of any special agreement to pay such representatives, but because it is a debt which was due the decedent in his life time, and inures to the benefit of the estate as a portion of the personal assets thereof. Great stress seems to be placed by appellant's counsel upon the clause or provision in the policy which limits the amount of recovery in any event to a claim for fifty-two weeks consecutively. We are unable to perceive, however, in what way this provision can determine the question as to whether there is any liability at all or not for any claim accruing after the death of the insured. It must be admitted, we think, that if the clause referred to were entirely eliminated, we would still have a contract for indemnity on account of total disability caused by accidental in-

juries.   The only difference would be that without this clause the insured would not be limited in his recovery to fifty-two weeks or to any period, but he would be entitled to recover $5 for every week that he suffered such total disability.   But would it be contended that, in the absence of such limitation clause, the personal representatives of the insured, in the event of his death, could continue to collect $5 per week interminably?   If not, what would be the limit of such recovery?   It seems to us the mere statement of the proposition furnishes the solution to it.

The argument upon which the counsel for appellant base their contention is that because the assured was accidentally killed, he was, in the letter and spirit of the contract, totally disabled and prevented "from performing any and all kind of duty pertaining to his occupation," and inasmuch as "the continuance of such disability" was without end, that it must have included "a period not exceeding fifty-two consecutive weeks." "To say that a man is not disabled from performing the duties of a brakeman when he is killed," counsel continue to argue, "is to quibble."

If we should concede that when the decedent was killed he was totally "disabled," and was consequently prevented from following his usual occupation, the consequences claimed by counsel do not by any means necessarily follow.   If the death of Jesse Rosenberry can be said to be the fulfillment of the letter of the contract, it is far from being within its spirit and meaning. To give the contract such a literal interpretation would be to lose sight entirely of the intention of the parties as indicated by the entire scope of the instrument.   As well might it be argued that when a beneficiary society stipulates to pay one of its members a specified sum per week as indemnity, so long as he is wholly disabled from

pursuing his usual vocation, the obligation to pay continues after death; or when the general government issues to a disabled soldier a pension certificate for total or partial disability, his personal representatives would be entitled to continue the collection of the pension after the soldier's demise, provided the pension may be regarded as an indemnity on account of his incapacity to perform labor or earn a living. In the construction of contracts the leading purpose is to ascertain the true meaning of the parties. *Beard* v. *Lofton,* 102 Ind. 408. This purpose is never accomplished by looking to the mere letter. "*Qui haeret in litera, haeret in cortice.*" The adherence to the letter is but sticking in the bark. To disregard the manifest intention of the parties and to regard the mere words, will never lead to a discovery of the true meaning. 2 Bl. Com. 379. It is true, the meaning must be gathered from the terms employed by the parties, but these must be viewed in the light of the nature of the transaction in which the parties are engaged, and of the surrounding circumstances, and every part must be construed with reference to the entire contract. The nature of the instrument itself must be regarded as well as the purpose which the parties had in view in executing it. *City of Vincennes* v. *Citizens' Gas Light Co.,* 132 Ind. 114 (16 L. R. A. 485).

We think, when the instrument is thus construed, the conclusion is inevitable that the indemnity provided for is limited to such as accrued during the life time of the insured, and that with his death all liability for future indemnity ceased. Had the parties intended to contract for insurance on account of the death of appellant's decedent, it would have been easy to so stipulate. The plain and obvious meaning of the policy would be vio-

lated by giving it the construction contended for by appellant.

Our conclusion is that the demurrer was properly sustained.

Judgment affirmed.

Filed March 25, 1896.