## The Columbian Relief Fund Association *v.* Walker, Administrator.

[No. 3,156.    Filed January 2, 1901.]

BENEFICIAL ASSOCIATIONS.—*Survival of Action.—Substitution of Administrator.—Sick Benefits.—*Where a cause of action for the recovery of a certain amount under a sick benefit policy accrued to the insured before his death, and he had commenced his action thereon, and died pending the suit, the cause survived under §§282-284 Burns 1894, and the substitution of his administrator as provided by §272 Burns 1894 was proper.  *p. 26.*

APPEAL AND ERROR.—*New Trial.—Remittitur.*—In order to present on appeal the action of the court in accepting an offer of remittitur pending a motion for a new trial, an exception must be saved thereto, and the ruling of the court thereon assigned as error, such question is not presented under an assignment that the court erred in overruling the motion for a new trial.  *pp. 27, 28.*

From the De Kalb Circuit Court.  *Affirmed.*

*W. H. Latta* and *W. W. Sharpless,* for appellant.

*H. W. Mountz, J. W. Baxter* and *C. M. Brown,* for appellee.

BLACK, J.—This was an action commenced on the 1st of March, 1898, by Louis Gettz against the appellant, in the court below.  On the 9th of April, 1898, the death of the plaintiff after the commencement of the action was suggested of record, and the appellee, administrator of the estate of the deceased plaintiff, was substituted as plaintiff, and upon leave given, the appellee filed his amended complaint; and the action of the court in overruling the appellant's demurrer thereto for want of sufficient facts is presented here.

The amended complaint was based upon a policy of insurance issued by the appellant to the intestate on the 24th of December, 1896, and counted on a provision of the policy as follows:  (3)  "If at any time after this certificate shall have been in continuous force and effect for ninety

days, said member shall, through sickness or disease that originates after the expiration of the above term, become totally disabled, and such sickness or disease shall, independent of all other causes, wholly and continuously disable and prevent said member from prosecuting any and all kinds of business, upon satisfactory proofs to the association of such total and continuous disability, the member shall be entitled to and receive $10 per week during the time by reason thereof the member is continuously confined to the house and under a physician's care, after the first week, not to exceed thirty weeks for any one sickness." The policy exhibited with the complaint contained also a provision, not specially referred to in the complaint, as follows: (4) "If the death of said member results from injury or sickness while this certificate is in full force and effect, the association will, upon satisfactory proof, pay to" a person named, "his wife, if living, otherwise to the legal representative of said member, the sum of $100."

The only ground of objection to the complaint urged by counsel is, that the action for the recovery of benefits for sickness could not be maintained by the administrator, who, it is claimed in argument, should be restricted to an action under the provision above quoted relating to the death of the insured. This objection is without merit. Not only had a cause of action for the recovery of a certain amount upon contract accrued to the insured before his death, but also he had commenced his action thereon, and he died pending the suit. It was a cause of action which survived (§§282-284 Burns 1894, §§281-283 Horner 1897), and the substitution of the administrator was proper (§272 Burns 1894, §271 Horner 1897). See *Rosenberry* v. *Fidelity, etc., Co.,* 14 Ind. App. 625.

There was a general verdict in favor of the appellee for $300. Pending a motion of the appellant for a new trial, one of the causes therein being error in the assessment of the amount of recovery in that it was too large, the appellee re-

mitted $37.50 of the amount of the verdict, and the court thereupon overruled the motion and rendered judgment for the appellee for $262.50.

It is claimed on behalf of the appellant that the court erred in accepting the remittitur, and that subject is discussed by counsel under the assignment that the court erred in overruling the appellant's motion for a new trial. If the appellant desired to present on appeal a question as to the acceptance of the offer to remit made pending the consideration of the motion for a new trial, an exception should have been saved to the action of the court upon that offer, and the ruling of the court thereon should have been assigned as error. It does not appear from the record that the entry of the remittitur was not acceptable to the appellant. The court did not, as pretended in argument, assess the amount of recovery. It permitted the plaintiff upon his own suggestion, unopposed by the defendant, to remit a portion of the amount assessed by the jury; and upon the verdict as thus reduced the judgment was rendered. No reference is made in argument to any evidence or any special finding indicating that the verdict as returned by the jury or after the entry of the remittitur was for too large an amount. The action was upon contract, the amount of recovery to be arrived at by computation based upon facts shown by the evidence, including the terms of the contract and the period of disability, as proved.

Whether or not there was or could have been any proper basis for a suggestion of the court that the plaintiff should remit a part of the amount of the verdict or submit as an alternative to the granting of a new trial, we need not decide. What amount the jury ought to have found, or how much ought to have been remitted is not stated by counsel; nor are we referred to any portions of the record by examination of which we might be. advised upon such matter. So far as we are instructed by the argument and the references therein to the record, we would be unable to determine

that the original amount of the verdict was too large; and, if the question could be said to be properly presented by the assignment of errors, we could not say that the court erred in permitting the plaintiff to remit voluntarily, upon his own motion, the amount by him remitted; nor have we been shown any reason to hold that the verdict, so reduced, was for too large a sum.

Judgment affirmed.