Burnett, Admrx., *v.* Railway Officials, Etc., Ins. Co.

BURNETT, ADMRX., *v.* RAILWAY OFFICIALS, ETC.,
INSURANCE CO.

(*Jackson.*    May 25, 1901.)

1. ACCIDENT INSURANCE.  *Construction of policy.*

Under an accident policy providing that " the death of the in-
sured shall immediately terminate all liability under this
policy, and in no case shall the insured be entitled to recover
for more than 104 weeks hereunder," there can be no recovery
for the death of the deceased.

2. SAME.  *Same.*

The Court holds that the scope and effect of said policy cannot
be enlarged so as to include indemnity in case of death by the
extraneous matters averred in the declaration and set out in
the opinion.

---
FROM MADISON.
---

Appeal in error from the Circuit Court of Madi-
son County.   LEVI S. WOODS, J.

HUNTER WILSON  for  Burnett.

C. G. BOND  for  Insurance Co.

WILKES, J.    This is an action upon a policy of
insurance in the Railway Officials & Employees Ac-
cident Association of Indianapolis, Indiana.    There

was a declaration and an amended declaration in the Court below which was demurred to. The demurrer was sustained and suit dismissed, and the plaintiff has appealed to this Court and assigned errors. The policy is set out in the declaration. It is marked on its back *"Noncontestable Weekly Indemnity Policy,"* in bold and prominent letters. The words *"Weekly Indemnity"* are also made prominent by large letters in the face of the policy. So far as necessary to state, it provides to insure F. L. Franklin as. a freight brakeman, and agrees to indemnify him against physical bodily injury resulting in disability caused by external violence or accidental means. Disability is defined in it to be immediate, continuous and total inability to perform any work or labor, and other provisions follow as to the loss of hands or feet, etc. It is further provided, that the insured shall be indemnified against loss of time during such period of continuous total disability in the sum of $10 per week, but not to exceed his average weekly wages, nor for more than 104 consecutive weeks. By a separate clause of the policy it is provided, "The death of the insured shall immediately terminate all liability under this policy, and in no case shall the insured be entitled to recover for more than 104 weeks hereunder."

There is no provision in the policy referring in express terms to the death of the insured and providing a payment therefor. Plaintiff exhibits with his declaration and in connection with his policy, an

identification card, which is, in substance, as follows, so far as necessary to be stated, *"This card is for identification."* Notice, in accordance with the policy, must be given of accidental death or injury.

The declaration avers that the insured, while in the discharge of his duty as a brakeman, and exercising due care, was, May 25, 1900, accidentally thrown or knocked from a car and run over by the wheels and killed. The identification card was found on his person, and the plaintiff, as his administratrix, under these facts, claims $1,040. The amended declaration avers, in addition, notice to the company of a previous accident and injury to the insured on April 28, and that, upon the happening of that accident, the company sent the insured a blank form which was made out and intended to cover death, and which was filled out by the insured as covering $700 of insurance in case of death. This letter and blank claim are made part of the amended declaration, as well as the policy and identification card, and he avers that, by reason of the policy, identification card and final claim blank, and other representations of defendant to the insured, that it was the intention of the parties that the policy should cover death by accidental means, and that he was insured against death, and, under that belief, paid premiums amply sufficient to cover one year's insurance against death.

The demurrer raises the ground that the policy was for indemnity only, and not against death ; that

all liability under it terminated by the death of the deceased; that it contains no provision for payment of a death benefit; that the blank claim referred to was used upon the occasion of a prior accident, and had no connection with this; that it was really filled in for $7.00 and not $700, as appears from its face; but this was done by the insured himself without authority; that there is no specification in the declaration of any representations other than those in the papers themselves.

We think the demurrer is well taken and properly sustained. The policy sued on is a weekly benefit indemnity policy, and specifies upon its face its objects and purposes. There is nothing misleading about it. It does not provide for any payment or benefit in case of the death of the insured, but, on the contrary, expressly provides that the death of the insured shall terminate all liability under the policy. There is nothing ambiguous about it.

The identification card does not put any different aspect upon it. It probably is a form intended to be used in cases of death as well as in indemnity policies. But whether so or not, the company could very consistently provide for notice of the death of the assured, not because it would thereby become liable for any amount, but under the terms of the policy its liability would be "*ipso facto*" terminated. The blank claim is entirely irrelevant to the present case.

It purports to be filled out by assured himself

Burnett, Admrx., v. Railway Officials, Etc., Ins. Co.

in proof of a prior accident, when insured mashed the little finger of his left hand, and claimed indemnity for five days therefor. It is true that this form has a blank space for amount claimed in case of death, which insured filled in with $7.00, perhaps meaning $700; but this was no doubt a general blank to be used in cases of policies insuring against death losses, as well as providing weekly indemnity.

There is no statement of any other representations than those contained in the papers. Indeed, no oral statements contradicting or adding to the policy would be permissible. It follows that under the terms of the policy, the insured was only guaranteed a weekly indemnity, and not only was not insured against death, but in case of death all liability of the company at once ceased. *Hall* v. *Am. Emp. Liability Ins. Co.*, 96 Geo., 413 (S. C., 23 S. E. Rep., 310; same case, 38 L. R. A., 537).

There was a policy form, designed to insure in a principal sum for death and also to provide a weekly indemnity. Only the blanks were filled out for the weekly indemnity, and the insured died within twenty-four hours after the accident. His representative was allowed to recover only for that time, though the indemnity provision was for a period not exceeding fifty-two weeks. It was said in that case, "Death evidently is not the kind of disability to which the policy refers." See also *Rosenberry* v. *Fidelity & Casuality Co.*, 14 Ind. App., 625 (S. C., 43 N. E. Rep., 317; 1 Am. &

Burnett, Admrx., *v.* Railway Officials, Etc., Ins. Co.

Eng. Enc. L., 2d Ed., p. 296); *Brown* v. *Ins. Co.*, 95 Fed. Rep., 935; *Hall* v. *Amer. Emp. Lia. Ins. Co.*, 23 S. E. Rep. (Ga.), 310.

The judgment of the Court below is affirmed with costs.