A. L. HILL, Administrator of the Estate of GEORGE H. CRAINE, Deceased, Appellant, v. THE TRAVELERS INSURANCE COMPANY of Hartford, Connecticut.

**Insurance against disability:** SCOPE OF POLICY: CONSTRUCTION.   In
1   the construction of an insurance policy indemnifying against loss on account of temporary and permanent disability, the term disability is to be given its ordinary signification, and when so read and understood does not comprehend and include liability for the death of the insured.

**Same:** INDORSEMENTS ON POLICY: EFFECT.   A printed indorsement on
2   the back of a policy of insurance as to the nature of the contract is not a part thereof, and it will not be presumed that the insured relied thereon rather than on his contract.

*Appeal from Jefferson District Court.*—HON. F. W. EICHELBERGER, Judge.

THURSDAY, FEBRUARY 17, 1910.

SUIT on a policy of insurance. A demurrer to the petition was sustained, and the plaintiff appeals.—*Affirmed.*

*Crail & Crail,* for appellant.

*Jayne & Hoffman,* for appellee.

SHERWIN, J.—On the 8th day of April, 1907, the defendant issued to George H. Craine a policy of insurance, denominated a "limited health policy," agreeing to pay him the sum of $25 a week for temporary disability, for a period not in excess of twenty-six consecutive weeks duration, and agreeing to pay him for permanent disability in the following language: "(2) In a sum equal to one hundred weeks indemnity for temporary disability as aforesaid, to be paid to him upon satisfactory proof at the company's home office, in Hartford, Connecticut, that he has, as the result of disease contracted during the term of this policy, entirely and irrecoverably lost the sight of both eyes, or by incurable paralysis permanently and entirely lost the use of both hands or both feet, or of one hand and one foot, and also that on account of either of said conditions he has been for one year, and will be thereafter and during life, permanently disabled from engaging in any work or occupation for wages or profit." The insured died on July 6, 1907, as the result of cerebral apoplexy, and in January, 1909, this suit was commenced to recover the full indemnity provided for in the second clause of the policy. The petition alleged that as the result of apoplexy the insured had "entirely and irrecoverably lost the sight of both eyes, and by incurable paralysis permanently and entirely lost the use of both hands and both feet; and that on account of said conditions he has been for one year, and will be thereafter and forever permanently disabled from engaging in any work or occupation for wages or profit." A demurrer to the petition,

which raised the question of the right of the plaintiff to recover $2,500 under the policy, was sustained, and the plaintiff's appeal brings the question to us for review.  .

The entire contract clearly shows that it is not one insuring the life of Craine.  It insures against loss on account of temporary and permanent disability, as the terms are ordinarily used and understood.  The word "disability" does not express the same meaning as the word "death;" nor is it ordinarily used as signifying the same thing.  "Disability" is defined as a want of competent power, strength, or physical ability; weakness; incapacity; impotence.  Century Dict.  None of the lexicographers, so far as we are advised, give it any broader meaning, and the appellant has cited no case in which it is held to mean death.  It is a rule that the language of contracts shall be given its ordinary and usual meaning, unless it is clear that some other meaning was intended by both parties.  Here nothing appears that indicated an exception to the rule.  Indeed, the very language used negatives any such thought.  The indemnity was to be paid .to the insured, and then, only upon proof that he had been disabled for a year, and "that he will be thereafter and during life" permanently disabled.  The words "temporary or permanent disability" are used in many places in the policy, and there is not a word therein indicating that liability was to be incurred for death.  The back of the policy has in print on the folder the following:  "The Travelers' Insurance Company of Hartford, Connecticut.  Limited Health Policy on Life of George H. Craine;" and the appellant . contends that the statement that it was a "limited health policy on the life" of the insured is sufficient warrant for holding the defendant liable in this case.  It is sufficient answer to say that the indorsement was no part of the contract, and it is not to be presumed that the insured relied thereon rather than upon his contract.  Where an accident insurance policy provided for a

weekly indemnity, not exceeding a certain number of weeks, for total "disability," and the insured died within twenty-four hours after the accident, it was held that his estate could not recover for the full period, as death can not be said to be disability. *Rosenbury v. Fidelity & Casualty Company*, 14 Ind. App. 625 (43 N. E. 317). A weekly indemnity insurance policy agreed to indemnify the insured against injury resulting in disability caused by external means, etc., and provided that the death of the insured should immediately terminate all liability under the policy. There was no provision in express terms as to the death of the insured and providing a payment therefor. *Held*, that the death of the insured, caused by accidental means, was not a disability within the meaning of the policy. *Burnett v. Railway O. & E. Assn.*, 107 Tenn. 185 (64 S. W. 18). See, also, *Hall v. Ins. Co.*, 96 Ga. 413 (23 S. E. 310); *Brown v. Casualty Co.* (C. C.) 95 Fed. 935. The demurrer was rightly sustained, and the judgment is *affirmed*.