## 54766. ZURICH INSURANCE COMPANY v. WAITE et al.

SHULMAN, Judge.

Appellee-plaintiff brought suit against defendant Zurich Insurance Co. claiming that defendant had failed to pay money owing under a Mercantile Robbery and Safe Burglary Endorsement of an insurance policy. In the alternative, in the event that no coverage existed under the policy, appellee sought damages against the defendant insurance salesperson and the independent insurance agency employing the salesperson for negligently failing to carry out an agreement with plaintiff to procure insurance. The jury verdict against Zurich Insurance Co. for the policy limit plus penalty and attorney fees was made the judgment of the court. Zurich appeals.

1. At the close of the plaintiff's evidence and again at the close of all the evidence Zurich moved for a directed verdict on the ground that plaintiff failed to prove that he sustained a loss covered by the policy. The denial of the motions is enumerated as error. We agree with defendant Zurich and accordingly reverse the judgment.

The evidence showed that appellee's business establishment was broken into and that a strongbox containing in excess of $3,000 (the policy limit) was removed. The strongbox was located in a liquor storage room. The door to the liquor storage room did not contain a combination lock.

Appellee-plaintiff claimed coverage under a clause which reads as follows: " 'Safe Burglary' means (1) the felonious abstraction of insured property from within a vault or safe described in the declarations and located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools,

explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not through such doors, or (2) the felonious abstraction of such safe from within the premises."

At trial appellee claimed that the insurance salesperson who procured the policy should have been aware that appellee had never placed any safe at his business establishment and had assured appellee that a conventional safe was not necessary. The salesperson testified that he inspected a safe which was not on the business premises that appellee informed him would be used and that he never stated to appellee that the money need not be kept in the safe. Appellee asserted that it was his understanding that the liquor storage room with its burglar alarm system qualified as a safe. It was also argued that the liquor room constituted a "vault" within the meaning of the policy.

A. Construction of ambiguous contracts is the duty of the court, and it is only after application thereto of the pertinent rules of construction, and the contracts remain ambiguous, that extrinsic evidence is admissible to explain the ambiguity. *Davis v. United Am. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488). See also *Am. Cas. Co. v. Crain-Daly Volkswagen, Inc.,* 129 Ga. App. 576 (200 SE2d 281); *Southeastern Fidelity Ins. Co. v. Fluellen,* 128 Ga. App. 877 (198 SE2d 407) (recognizing court's obligation to construe meaning of "relatives").

B. The policy declarations expressly designated coverage for a "Manual Classification C" safe. The policy contained no reference to any publication constituting a "manual" and in no way defined "Manual Classification C." The policy expressly provided coverage for "the felonious abstraction of such safe from within the premises." Thus, although the term "Classification C" safe may be ambiguous, see, e.g., *Wiggins v. Cleghorn, Herring & Co.,* 61 Ga. 364 (1), the policy clearly contemplated that *some type of safe* would be on the premises.

"A safe is defined in Black's Law Dictionary, p. 1574,

to be, 'A metal receptacle for the preservation of valuables.' " *Buntin v. State,* 117 Ga. App. 813, 815 (162 SE2d 234). See also *Columbia Cas. Co. v. L. W. Rogers Co.,* 157 Ga. 158, 160 (121 SE 224) (a safe is "the actual receptacle in which valuables are placed to complete their safety"). Appellee does not contend that the strongbox constituted a safe. It would strain reasonable construction to hold that the liquor storage room involved in this case was a safe.

C. The policy also insured against felonious abstraction of insured property "from within a vault . . . described in the declarations." The declarations containing the specifications and descriptions of any vault insured were completely blank. Even if the liquor storage room were a vault within the meaning of this policy (and this is doubtful), the policy cannot be construed to provide coverage for a vault. See *Hall v. American Employers' Liab. Ins. Co.,* 96 Ga. 413 (23 SE 310).

2. Appellee argued at trial that Zurich Insurance Co., which apparently had no direct dealings with appellee, was bound by various representations concerning coverage made by an agency which handled Zurich Insurance. This argument must fail.

"[T]he coverage of the policy [may not] be extended by estoppel or by waiver. The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. [Cits.]" *Ballinger v. C & S Bank of Tucker,* 139 Ga. App. 686, 689 (229 SE2d 498). See also *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (152 SE2d 895).

3. In order to recover in this case against defendant Zurich Insurance Co., it was imperative that plaintiff establish as one essential element of his case that he was entitled to insurance benefits under the terms of the policy. See *Ballinger v. C & S Bank,* supra. Having failed to do this, it was error to deny plaintiff's motion for directed verdict.

*Judgment reversed. Bell, C. J., and Banke, J., concur.*

428

ARGUED NOVEMBER 8, 1977 — DECIDED DECEMBER 5, 1977 —
REHEARING DENIED DECEMBER 20, 1977 — 

*Nixon, Yow, Waller & Capers, John D. Capers, Roy
D. Tritt,* for appellant.

*Robert C. Daniel, Jr., Gould B. Hagler, N. William
Pettys, Jr.,* for appellees.