## 65696. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. CENTRAL PARKING SYSTEM OF GEORGIA, INC.

SOGNIER, Judge.

On September 9, 1977 Central Parking System of Georgia, Inc. (Central) filed a complaint in the nature of an inverse condemnation against MARTA alleging that MARTA's construction of its public rail transport system in close proximity to the support columns of Central's parking garage resulted in a taking for public purposes without adequate compensation. Central's claim arises from property rights it has pursuant to a ground lease from Georgia Railroad. The trial court denied Central's request for an interlocutory injunction and MARTA construction proceeded. Thereafter, Central and MARTA stipulated and agreed to use the condemnation procedure provided for in OCGA § 22-2-1 et seq. (Code Ann. § 36-101 et seq.) for the determination of Central's damage claims against MARTA. The agreement stated, inter alia, that the parties would petition the Superior Court to appoint a special master under OCGA §§ 22-2-102 through 22-2-106 (formerly Code Ann. § 36-605a through 609a) to conduct a bifurcated hearing to determine first, if there had been a compensable taking of Central's property, and second, an evidentiary hearing pursuant to OCGA §§ 22-2-108 and 110 (Code Ann. §§ 36-611a, 36-612a), to determine just and adequate compensation for such taking. The parties also agreed that if either party was dissatisfied with the special master's award, it could appeal to the Superior Court for a de novo jury trial in accordance with OCGA § 22-2-112 (Code Ann. § 36-614a).

Upon petition by Central and MARTA, the superior court appointed a special master for the purposes set forth in the agreement between the parties and entered a consent order presented by the parties. The consent order provided that the special master make written findings of fact and conclusions of law to be filed with the Clerk of Court as to whether there had been a compensable taking. Either party could file exceptions within 10 days of the entry of such findings and conclusions. Thereafter, if the special master concluded that there had been a compensable taking, he would conduct an evidentiary hearing to determine just and adequate compensation. Either party, if dissatisfied with the award of the special master, could appeal for a de novo jury trial in accordance with OCGA § 22-2-112 (Code Ann. § 36-614a).

In his decision filed January 26, 1981 the special master found that Central had suffered a compensable taking as follows: (1) that Central had lost its right to construct supports for any future

construction or structure in the area occupied by the MARTA construction; (2) that the MARTA construction restricted the type of any future structure and made demolition of the parking garage more difficult and costly; and (3) that Central's ingress and egress to the underside of its garage for maintenance or other purposes, including maintenance or replacement of support columns, had been adversely affected by the MARTA construction. On February 5, 1981 MARTA filed exceptions to the special master's decision and asked the trial court to disapprove the findings of the special master as a matter of law. In an order dated June 11, 1981, the trial court overruled MARTA's exceptions and affirmed the findings of the special master with regard to whether there had been a compensable taking of Central's property.

On April 1, 1982 the special master filed his award in the Superior Court finding that the amount of just and adequate compensation for the taking of Central's property interest was $283,352 as of the date of the taking and awarded Central that amount "plus interest at the legal rate since the date of taking." MARTA filed a timely appeal for a de novo jury trial on the issue of compensation, and also filed exceptions to the special master's decision on the grounds that there had been no taking and that there was no legal requirement to pay interest prior to the date of the special master's award. Central moved to dismiss MARTA's appeal on the grounds that MARTA had failed to pay the amount of the award to Central or into the registry of the court. Upon order of the trial court, MARTA paid $283,352 into the registry of the court. On August 24, 1982 the trial court granted Central's motion to dismiss MARTA's appeal for jury trial and subsequently entered final judgment in favor of Central for $283,352 plus interest at the legal rate since the date of the taking, September 9, 1977. MARTA appeals the dismissal of its appeal to a jury, the overruling of its exceptions to the special master's findings, and the award of interest from the date of the taking.

1. Appellant contends that the trial court erred in dismissing its timely appeal for a jury trial de novo filed in accordance with OCGA § 22-2-112 (Code Ann. § 36-614a). Central contends that the "taking" took place *prior* to the award of the special master and that payment of the amount of the award into the registry of the court was a prerequisite to filing an appeal for jury trial. Appellee argues that the taking took place when MARTA began excavation and construction in close proximity to its support structures in September 1977. MARTA argues that under the special master proceeding and pursuant to the stipulation and consent order there was no taking until the amount of the special master's award was paid into court.

It is undisputed that the parties agreed to proceed with this case as a condemnation proceeding before a special master. Thus, they are bound by the procedure as set out by the statute. OCGA § 22-2-110 (Code Ann. § 36-612a) provides: "(a) The award of the special master shall be filed with the clerk of the superior court of the county where the property or interest is situated. . . . (b) The award shall become a part of the record of the proceedings in said matter and shall condemn and vest title to the property or other interest in the condemning body *upon the deposit by that body of the amount of the award into the registry of the court, . . .*" (Emphasis supplied.)

As we said in *Arnold v. State Highway Dept.*, 116 Ga. App. 201, 203 (156 SE2d 469) (1967): ". . . no property is taken under this special master procedure until the payment is made." Therefore, "[u]nder the Special Master Act, . . . a condemnor is not required to pay the award of the special master into the registry of the court within ten days after the filing of the award, or at the time of, or prior to the filing of the appeal as a condition precedent to its right of appeal." Id. Appellee relies on *Woodside v. City of Atlanta,* 214 Ga. 75 (103 SE2d 108) (1958), to support its argument. However, *Woodside* was distinguished in *Arnold* and the same reasoning applies in the instant case. *Paulk v. Ga. Power Co.,* 231 Ga. 721 (204 SE2d 154) (1974) does not require a different result since that case deals with payment of a jury condemnation *verdict* in excess of the prior judgment as a condition precedent to the condemnor seeking a second de novo jury trial, regardless of "[w]hether such redetermination is sought by a motion for new trial filed in the superior court, or by a notice of appeal in which review is sought by the appellate court. . . ." Id. at 722. *City of Atlanta v. Wright,* 159 Ga. App. 809 (285 SE2d 250) (1981), which was concerned with payment of the amount in excess of the special master's award prior to appeal of the jury *verdict,* is similarly distinguished.

Having chosen and agreed to use the special master proceeding, the condemnee Central is bound by the applicable law regarding the special master's proceeding. *Johnson v. Fulton County,* 103 Ga. App. 873, 876 (121 SE2d 54) (1961). Thus, the trial court erred in dismissing MARTA's appeal for a jury trial.

2. Appellant also contends that the trial court erred in awarding interest on the amount of the special master's award from the date of September 9, 1977. We agree. While we recognize that the issue of the amount of compensation must be sent back for jury trial, we note that interest under the special master proceeding is calculated from the date of the award, i.e., the time of the taking. *Housing Authority v. New,* 220 Ga. 1 (136 SE2d 732) (1964).

3. Appellant finally contends that the trial court erred in its order of June 11, 1981 in overruling appellant's exceptions and in affirming the special master's decision as to whether there had been a compensable taking of Central's property.

There being no right to a jury trial on exceptions to the special master's rulings on nonvalue issues, *Sweat v. Ga. Power Co.,* 235 Ga. 281, 283 (219 SE2d 384) (1975), the trial court sits as the trier of fact. "This court has held that the 'any evidence' rule applies to a judge sitting without a jury, and his judgment will not be disturbed if there is any evidence in the record to sustain it. [Cit.]" *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419, 420 (3) (241 SE2d 58) (1977). See also *Carasik Group v. City of Atlanta,* 146 Ga. App. 211, 215 (246 SE2d 124) (1978).

Because the special master's findings of fact and conclusions of law were adopted by the trial court by its affirmation of the special master's decision, we speak of the rulings and findings of the special master as being those of the trial court.

Appellant contends that there has been no taking or damage of any interest of Central, setting forth three grounds. First, appellant urges that Central waived any claim for a taking or damaging of any of its property interests by consenting, by letter, to the conveyance to MARTA by Central's landlord, Georgia Railroad, of a portion of the ground space beneath Central's parking garage. "Questions of the existence of waiver are usually questions to be settled by the trier of fact. [Cits.]" *Jordan v. Flynt,* 240 Ga. 359, 366 (240 SE2d 858) (1977). The trial court found that the letters relied upon by MARTA pertain solely to an agency agreement between Central and the Railroad under which Central operated certain parking facilities owned by the Railroad, and do not purport to affect Central's rights under the lease. The evidence was sufficient to support the trial court's finding that there was no waiver.

Appellant next contends that under its lease with the Railroad, Central had no right to place support columns on the ground space for purposes of any future construction except in the exact location of existing supports. Hence, it is argued, the MARTA construction would not affect Central's support rights. The trial court concluded that the terms of the lease were ambiguous with respect to support rights and limitations on location of supports in the future, and admitted extrinsic evidence to explain the ambiguity. "Construction of ambiguous contracts is the duty of the court, and no jury question is raised unless after application of the pertinent rules of construction the ambiguity remains. [Cit.]" *Erquitt v. Solomon,* 135 Ga. App. 502, 503 (218 SE2d 172) (1975). In the instant case, when the trial court was unable to resolve the ambiguity in the prescribed manner, it

correctly admitted extrinsic evidence. *Zurich Ins. Co. v. Waite,* 144 Ga. App. 425, 426 (1A) (240 SE2d 914) (1977). There is evidence to support the trial court's finding that the intent of the parties was not to limit the location of supports for subsequent construction to that of the original supports and the finding will not be disturbed on appeal.

It is appellant's contention that damages relating to future construction are not recoverable because it is remote and speculative as to whether Central ever would or could demolish the existing building and devote the property to another use. The trial court rejected this argument, noting that the parties to the lease clearly contemplated a future and possibly different use for the property over the 99 year term of the lease, and finding that the evidence of alternative uses in the testimony was sufficient. "The test is whether the land is legitimately usable for other purposes, not whether such use is certain. [Cit.] Of course, possible future uses will not influence the present market value of a tract unless there is a demand for such uses or they are otherwise reasonably probable. [Cit.]" *Ga. Power Co. v. Cole,* 141 Ga. App. 806, 807 (1) (234 SE2d 382) (1977). See also *Dept. of Transp. v. Great Southern Enterprises,* 137 Ga. App. 710, 713 (225 SE2d 80) (1976). The trial court's finding that a future and different use of the property is reasonably probable was supported by some evidence.

The trial court did not err in overruling appellant's exceptions and affirming the decision of the special master.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1983 —
REHEARING DENIED JULY 29, 1983 —

*Charles N. Pursley, Jr.,* for appellant.
*William R. Harp, Charles L. Gregory,* for appellee.