### 75705. WREGE et al. v. COBB COUNTY.
(367 SE2d 817)

SOGNIER, Judge.

Douglas and Julia Wrege appeal from the denial of their motion for a new trial as to the order of the Superior Court of Cobb County overruling their exceptions to the award of the special master in the condemnation of a sewer easement across their property.

Appellants, the owners of property abutting Little Willeo Road in Cobb County, granted an easement across the northern end of their property to service a private subdivision then being developed. Appellee subsequently condemned a second easement across appellants' property following an alternate route which zigzagged across appellants' property for approximately 505 feet before connecting with an existing manhole. Appellee used the condemnation procedure provided for in OCGA § 22-2-100 et seq. and a special master was appointed to hear the petition. The hearing was scheduled for October 7, 1986 but appellants were not served until one or two days before. An order from a superior court judge was obtained by appellee which authorized the special master to continue the hearing for a period in excess of five days. The hearing was finally held on November 24-25, 1986. During the hearing, appellants raised and litigated their contention that the condemnation was the result of bad faith, and arbitrary

and capricious behavior on appellee's part, as well as their contention that by accepting the easement pathway recommended by the developer of the private subdivision, appellee had abdicated its condemning powers to the private developer. For varying evidentiary reasons, most of the evidence supporting these contentions was excluded. The special master rendered an oral ruling on appellants' non-value issues and filed his award on the issue of value pursuant to OCGA § 22-2-110 (c). Appellants timely filed exceptions to the award of the special master as to the non-value issues and sought a jury trial on the value issues. OCGA § 22-2-112. The trial court, after deciding its role was limited to an appellate review of any errors of law in the special master's hearing, found appellants' exceptions on the non-value issues to be without legal merit or not supported by the evidence before the special master. A jury subsequently heard the value issues and returned a verdict, which is not in issue here. The trial court denied appellants' motion for a new trial on all issues and this appeal ensued.

1. Appellants contend the trial court erred by failing to declare the hearing of the special master void under OCGA § 22-2-108 because the hearing was continued in excess of five days. OCGA § 22-2-108 provides, in pertinent part, that "[t]he special master shall not be authorized to continue or delay the hearing [provided for in OCGA § 22-2-102] . . . except upon the written order of the judge of the superior court; and such a continuance shall be granted only for good cause shown to that judge. When it shall be necessary for the judge to grant a continuance, *the continuance shall be for not more than five days from the date of the order granting the continuance.*" (Emphasis supplied.) The attorney for appellee admitted before the trial court that the order extending the continuance in excess of five days had been drafted thusly in a deliberate attempt to avoid the time restraints in OCGA § 22-2-108.

It is well established that in proceedings under statutory authority, whereby a person may be deprived of property, the statute must be strictly pursued and compliance with all statutory prerequisites must be shown. *D'Antignac v. City Council of Augusta*, 31 Ga. 700 (2) (1861). "The power of eminent domain should never be exercised unless and until there has been a strict compliance with the provisions of the law by the condemnor." *Thomas v. City of Cairo*, 206 Ga. 336, 338 (57 SE2d 192) (1950). "The taking or injuring of private property for the public benefit is the exercise of a high power, and all the conditions and limitations provided by law, under which it may be done, should be closely followed. Too much caution in this respect cannot be observed to prevent abuse and oppression." *Frank v. City of Atlanta*, 72 Ga. 428, 432 (2) (1884). See also *Sims v. City of Toccoa*, 256 Ga. 368, 369 (349 SE2d 385) (1986).

The express purpose of the Special Master Act, OCGA § 22-2-100

et seq., being "to provide a simpler and more effective method of condemnation in those cases where a judicial supervision of the proceedings is desirable by reason of the necessity for a quick determination of the just and adequate compensation to be paid the owner of the property," OCGA § 22-2-101, we agree with appellee that the language in OCGA § 22-2-108 restricting the duration of continuances benefits the condemning authority by expediting the condemnation process. However, "[t]he condemnor chooses its method of procedure, and it need not use [OCGA § 22-2-100 et seq.] unless it so desires . . . . If the condemnor elects to use the Special Master Law . . . then it is bound by the provisions of law following its own election." *Johnson v. Fulton County*, 103 Ga. App. 873, 876 (1) (121 SE2d 54) (1961). Thus we do not agree with appellee that the strict statutory requirements mandated by the Legislature before an authority, such as appellee, can exercise this "high power" can be ignored or deliberately sidestepped with impunity by the condemning authority. Nor do we agree with appellee that the fact that appellants arguably benefited from the excessive continuance justified appellee's deliberate actions here. The language of the statute mandates that no continuance be granted in excess of five days. The statute did not denominate one rule for condemnors and another rule for condemnees. Since appellee failed to abide by the clear language of the statutory method it elected to follow, and since the record is clear that appellants at no time acquiesced in or waived strict compliance with the statute, the trial court erred by not declaring the hearing of the special master void for violation of OCGA § 22-2-108.

2. An alternate ground for reversing the trial court's order must be addressed especially in view of the possibility of it recurring after the recommencement of these proceedings. Appellants contend that the trial court erred by failing to hold a de novo hearing on the exceptions raised by appellants from the award of the special master. The record reveals that appellants raised all legal issues relating to the condemnation in the special master proceeding and that the special master, by oral ruling on the non-value issues and by written order complying with OCGA § 22-2-110 on the value issues, accordingly made his determination thereon. See *Nodvin v. Ga. Power Co.*, 125 Ga. App. 821, 822-823 (189 SE2d 118) (1972). After properly raising and attempting to litigate all issues and objections concerning the condemnation, see generally *Hendley v. Housing Auth. of Savannah*, 160 Ga. App. 221, 224 (2) (286 SE2d 463) (1981), appellants timely filed exceptions to the special master's rulings on the non-value issues to the trial court. OCGA § 22-2-112. The trial judge, however, determined that he was not going to conduct the proceedings de novo, but instead decided to review the decision of the special master as though occupying an appellate position in the proceedings, thereby address-

ing only whether there was any evidence to support the special master's findings of fact and whether there were any errors of law in the special master's conclusions of law.

We agree with appellants that the trial court erred in this decision. "[T]he only method of correcting any errors . . . a special master may have made in the original hearing and award is not by recommittal to that body but by an appeal in the superior court, *which begins again the process of adjudication.* On such appeal issues of fact relating to value will be decided by the jury; if there are issues of law erroneously decided by the special master, objections may be made to and *readjudicated* by the superior court judge." (Emphasis supplied.) *City of Savannah Beach v. Thompson,* 135 Ga. App. 63, 65-66 (2) (217 SE2d 304) (1975). See also *Leach v. Ga. Power Co.,* 228 Ga. 16, 21-22 (4) (183 SE2d 755) (1971) (affirming a judgment in which the trial court had "considered and passed upon . . . the objections and motions passed upon and not passed upon by the special master"); *City of Atlanta v. Turner Advertising,* 234 Ga. 1, 3 (214 SE2d 501) (1975) (holding as error the trial court's failure to enter a final judgment of condemnation without first passing upon the timely filed exceptions to the award of the special master as to nonvalue issues).

In support of its decision to review the special master's award on a strictly appellate basis, the trial court cited *MARTA v. Central Parking System,* 167 Ga. App. 649 (307 SE2d 93) (1983). In that case, we noted that the trial court, in an appeal from an award of a special master, "sits as the trier of fact" and thus the "any evidence" rule applied in reviewing the judgment rendered. Id. at 652 (3). We noted that "[b]ecause the special master's findings of fact and conclusions of law were adopted by the trial court by its affirmation of the special master's decision, we speak of the rulings and findings of the special master as being those of the trial court." Id. The case sub judice is not an instance in which the award of the special master was made the award of the trial court or was otherwise adopted by the trial court. *MARTA v. Central Parking System,* supra, is thus distinguishable and accordingly provides no authority to support the decision by the trial judge, to whom an appeal from the special master's award was made, to review the award merely by ascertaining whether reversible errors of law were committed and whether some evidence existed to support the findings of fact therein. Since we cannot say that the trial court's application of the incorrect standard of review did not constitute harm to appellants, the judgment of the trial court must therefore be reversed. See generally *Dept. of Transp. v. Livaditis,* 129 Ga. App. 358, 362 (199 SE2d 573) (1973); *MARTA v. Gould Investors Trust,* 169 Ga. App. 303, 307 (312 SE2d 629) (1983).

3. Since upon readjudication of this matter before the special

master and, if necessary, before the trial court upon proper appeal, any evidentiary inadequacies of appellants' videotape and other documents may be remedied, we need not address appellants' enumerations in regard to these matters.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988 —
REHEARING DENIED MARCH 22, 1988 — 

*Reid W. Kennedy*, for appellants.
*Richard W. Calhoun*, for appellee.