A89A0343. McBROOM et al. v. GEORGIA POWER COMPANY.
A89A0344. COX et al. v. GEORGIA POWER COMPANY.
(383 SE2d 634)

POPE, Judge.

Appellee Georgia Power Company initiated a condemnation action to obtain an easement of right-of-way across portions of appellant Cox's and appellant McBroom's property (hereinafter appellants), under the "Special Master Act," OCGA § 22-2-100 et seq. The superior court appointed a special master and, following a hearing in March 1988, the special master entered his award recommending that a judgment be entered in favor of appellants or that the case be remanded to a special master for the purpose of determining whether

appellee had demonstrated public use and necessity by a preponderance of the evidence.

Appellee filed exceptions to the special master's award on March 23, 1988. On May 5, 1988 the superior court entered an order rejecting the recommendations of the special master, finding the award to be incomplete and contrary to Georgia laws of eminent domain, relieving the special master from further involvement in the proceedings and setting a date for a second hearing to be conducted before a newly appointed special master. Appellants then filed exceptions to the May 5 order. On May 23, 1988, the special master appointed in the court's May 5 order entered an award ruling on appellants' non-value issues and assessing a value as to the interest taken as to each appellant. Appellants filed exceptions to this award; on August 25, 1988, the superior court entered an order finding appellants' exceptions to be without merit and affirming the award of the second special master. The August order was amended by a slight change of wording on September 12, 1988. We have consolidated appellants' appeals for review by this court.

1. In their first, second, fifth and sixth enumerations of error, appellants challenge the trial court's order of May 5, 1988, in which it removed the first special master and appointed a new second master to determine the just and adequate compensation of the property taken. Although it is true, as appellants argue, that once exceptions are filed to the award of the special master, the trial court is required to conduct de novo proceedings to readjudicate objections raised to issues of law erroneously decided by the special master, see *Wrege v. Cobb County*, 186 Ga. App. 512 (2) (367 SE2d 817) (1988), in the case at bar the trial court found that the special master failed to apply the Georgia law relating to condemnation proceedings, and found the award of the special master to be "incomplete" based on the failure of the special master to determine the just and adequate compensation of the property or interest taken. Under these circumstances, we find no error in the recommittal of the action to a new special master for proceedings consistent with OCGA § 22-2-100 et seq. See also OCGA §§ 22-2-103; 22-2-108. Moreover, contrary to appellants' fourth enumeration of error, the trial court's order scheduling a new hearing did not constitute an impermissible continuance in violation of OCGA § 22-2-108.

2. In their third enumeration of error appellants contend that the appellee was required to file an appeal to the superior court concerning value issues as required by OCGA § 22-2-112. However, inasmuch as the first special master did not enter an award on the value of the property or interest taken, we fail to see any error in the appellee's failure to file an appeal as to the amount of the award.

3. We find no error in the trial court's order of August 25, 1988,

finding appellants' exceptions to the award to be without merit.

4. In addition to their general enumeration assigning error to the trial court's finding that their exceptions were without merit, appellants also specifically enumerate as error the overruling of their objection to the testimony of an engineer for appellee who stated that the condemnation was authorized by appellee. Appellants contend that copies of the corporate resolutions of appellee authorizing the condemnation should have been introduced into evidence. Although appellants conceded in the proceedings below that they are not contesting the right of appellee to condemn the property in question, they nevertheless argue that appellee was required to file its corporate resolution authorizing the condemnation. We disagree. The petition filed by appellee pursuant to OCGA § 22-2-102, which was signed by a company vice-president and a "supervisory" employee, recited that the petition was brought pursuant to the corporate authority granted by appellee's Board of Directors and the provisions of Georgia law. There being nothing in the record to suggest that appellee acted in excess of that authority in bringing this condemnation action, we find no merit to appellants' final enumeration.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 22, 1989.

*McCollum & Rawlins, Elliott P. McCollum, Jr.*, for appellants.
*B. Thomas Conger, Donald W. Janney*, for appellee.